■ VIRGINIA O. CALHOUN et al., Respondents, v. JULIUS P. GALE, Appellant. — Order of the Supreme Court, Suffolk County, dated January 3, 1966, which denied appellant's motion to dismiss the complaint on the ground the action is barred by the Statute of Limitations (CPLR 3211, subd. [a], par 5), reversed, with $10 costs and disbursements, and motion granted, without costs. This action, which was begun on April 26, 1964, arose out of an operation per-

formed by defendant, a physician, upon plaintiff Virginia O. Calhoun on June 1, 1959. Substantial damages are sought for her alleged resultant personal injuries, physical pain and mental anguish. Although the complaint alleges that defendant breached his contract in that the operation was (allegedly) performed in an unfit and improper manner, it is not claimed that he agreed to do anything more than perform his common-law duty of using reasonable care and his best judgment in exercising his skill, which the law implies he represents to be such as is ordinarily possessed by physicians and surgeons in the locality (see, *Kinsley* v. *Carravetta,* 244 App. Div. 213, affd. 273 N. Y. 559; *Pike* v. *Honsinger,* 155 N. Y. 201, 209–210). Since in this case appellant's common-law duty and his alleged contractual relationship were one and the same, the suit, however labeled, is one in malpractice, at least for time limitation purposes (*Golia* v. *Health Ins. Plan of Greater N. Y.,* 6 A D 2d 884, affd. 7 N Y 2d 931; *Gautieri* v. *New Rochelle Hosp. Assn.,* 4 A D 2d 874, affd. 5 N Y 2d 952; *Blessington* v. *McCrory Stores Corp.,* 305 N. Y. 140, 147–148; cf. *Robins* v. *Finestone,* 308 N. Y. 543). Accordingly, the three-year period of limitation (CPLR 214, subd. 6 [superseding former Civ. Prac. Act, § 50, subd. 1]; see CPLR 218, subd. [b]; 2 Carmody-Wait 2d, New York Practice, §§ 13:25, 13:79) applies. Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.