■ FUGAZY TRAVEL BUREAU, INC., Respondent, v. ERNST & ERNST, Appellant. — Order entered June 18, 1968, denying summary judgment and granting leave to serve an amended complaint setting forth a second cause of action unanimously affirmed, with $50 costs and disbursements to respondent. By this affirmance, however, no double recovery or the possibility of such is envisaged or countenanced. Both parties are in agreement as to the proper standard of damages in an action of this character, based upon alleged reckless and fraudulent conduct, to wit, the difference between the value of what the plaintiff received and what was actually paid. But the value of the stock acquired by the plaintiff on the date of purchase is a matter of proof. All that we have before us are contentions by plaintiff that the value of all the stock of the Fugazy group "was worth considerably less than $700,000" and defendant's

contention that the result of the settlement by plaintiff with Tower resulted in a saving which " fully offset the alleged overstatement in net worth, interest and counsel fees involved." The defendant's contentions, however, represent only its own evaluation of the economic consequences of the transaction. This is not acceptable proof. And as we are not dealing with liquidated damages, independent proof is requisite. Since the damage of plaintiff is still an open question, before that is determined, the defendant's motion may not be granted. (*Glick & Dolleck* v. *Tri-Pac Export Corp.*, 22 N Y 2d 439.) Leave to amend plaintiff's complaint so as to add a cause of action for professional fees necessarily and reasonably incurred was properly granted. If the alleged wrongful act of the defendant was the occasion of these fees, and if they are reasonable, a cause of action does lie, as a well-recognized exception to the rule that, in the absence of any contractual or statutory liability, attorney's fees and expenses incurred in litigating a claim, aside from the usual court costs, are not recoverable as an item of damages, either in that suit or in a suit subsequently brought. (*Shindler* v. *Lamb*, 25 Misc 2d 810, affd. 10 A D 2d 826, 9 N Y 2d 621.) Concur — Eager, J. P., Tilzer, McGivern, Nunez and McNally, JJ.