■ WALTER BOECHER, Appellant, v DONALD BORTH, Respondent.—Appeal from an order of the County Court, entered February 7, 1975 in Warren County, which, following a submission of controversy pursuant to CPLR 3222, dismissed the complaint as barred by the Statute of Limitations. The agreed facts are as follows. In 1965, in connection with a proposed purchase of land in the Town of Queensbury, Warren County, plaintiff retained the defendant attorney to represent him. Under the terms and provisions of the retainer agreement, defendant was required to examine into the title of the premises to be purchased and to establish that the title was marketable and was free and clear of any liens or encumbrances which would affect marketability. Defendant was further required not to approve such title and proceed to closing until marketability of the title had been established. Prior to September 17, 1965, defendant advised plaintiff that such title was free and clear of any liens, encumbrances or defect which would affect its marketability, and plaintiff, in reliance thereon, purchased same on September 17, 1965. In 1970 plaintiff contracted to sell the property, but the title was determined to be unmarketable by the purchaser's attorneys. In order to conclude the sale plaintiff was required by the purchaser's attorneys to obtain a quitclaim deed to a remainder interest for the sum of $2,400 on November 9, 1970. This action was commenced on April 5, 1971. The trial court dismissed the complaint, holding that the action was barred by the three-year malpractice Statute of Limitations. We do not agree. Upon an examination of the submitted facts, under the terms of the retainer agreement, there was an express promise by defendant to achieve the specific result of establishing marketability since anything less would defeat the purpose of the retainer agreement. Under these unique stipulated facts and circumstances, the six-year contract Statute of Limitations applies. *(Robins v Finestone,* 308 NY 543; *Glens Falls Ins. Co. v Reynolds,* 3 AD2d 686.) Plaintiff's action, therefore, was timely commenced. It would serve no purpose to remand for a decision on the merits, since CPLR 3222 permits the case on agreed facts to be submitted originally to this court. In order to recover, plaintiff must establish that the title was, in fact, unmarketable. Title is unmarketable where it is of such a character as to expose the purchaser to the hazard of litigation and where there are outstanding possible interests in third persons. (62 NY Jur, Vendor and Purchaser, § 48; 65 ALR 3d 450, 456; 57 ALR 1253, 1283.) The statement of agreed facts set forth the will of one Codner who bequeathed the balance of his property (of which the subject property was a part) to his wife for life, with remainder,

one third to his son Harry absolutely, one third to his daughter Mabel absolutely and one third to his daughter Lavina "for and during her natural life, she to have the use and income therefrom for her care, comfort and support, and as much of the principal as may be necessary with the understanding that no part of same shall be used in any manner for the case [sic] and support of [her husband]", and at her death whatever remained was given to her children absolutely. Codner died in 1934 and his wife in 1937. By a quitclaim deed Mabel and Lavina conveyed their interests in the property to their brother Harry and his wife in May of 1938. Subsequently, in 1944, Harry, as surviving executor of Codner's estate, conveyed the same property by an executor's deed to himself individually and his wife for $1. Later, in 1948, the Codners conveyed same to plaintiff's grantors, who in turn conveyed the subject property to plaintiff in 1965. The basic claim of unmarketability is that Lavina's surviving child, Stanley Coon, had a remainder interest in Lavina's share. Defendant asserts that Lavina's ability to consume the principal under her father's will gave her absolute power of disposition whereby her conveyance to Harry and his wife cut off her child's remainder interest. This contention is without merit. The terms of the bequest limited her invasion of corpus to the extent necessary for her care, comfort and support. It was further limited by the condition that none of the principal was to be used for the care and support of her husband. It is also significant that the dispositions to Harry, Mabel and Lavina's children were absolute. In our opinion, Lavina did not possess an absolute power of disposition. (See *Vincent v Rix,* 248 NY 76, affg 221 App Div 211, affg 127 Misc 647; *Hasbrouck v Knoblauch,* 130 App Div 378.) Harry's executor's deed did not cure the defect. Although he had power under the will to sell the property by a good and sufficient deed, he was not thereby empowered to breach his fiduciary duty to the remainderman by conveying the property to himself for $1. Unless a conveyance by a grantor in a representative capacity is based upon full consideration, title will be defective. (57 ALR 1253, 1496–1498.) In our view, the apparent interest of the remainderman, Stanley Coon, in the property was a sufficient cloud on the title to have rendered it unmarketable. Plaintiff should recover from defendant the amount paid by him to remove the defect in title. Order reversed, on the law, and judgment directed to be entered in favor of plaintiff in the amount of $2,400, without costs. Herlihy, P. J., Sweeney and Kane, JJ., concur; Larkin and Reynolds, JJ., dissent and vote to affirm in the following memorandum by Larkin, J. Larkin, J. (dissenting). We respectfully dissent. This action arose because the plaintiff, in relying upon the defendant-attorney's advice and assertion that the title was free and clear of liens and encumbrances, purchased certain property with unmarketable title. The complaint alleges that the defendant breached his contract with the plaintiff in that the title was not free of all liens and encumbrances. Even under the facts as submitted by the respective parties, the defendant did not agree to do any thing more than fulfill his common-law responsibility to his client to search the title. Every client-attorney relationship is in some sense contractual, but a cause of action in contract, as distinguished from one in malpractice, must be based upon the breach of a particular or special agreement *(Robins v Finestone,* 308 NY 543). In this case, defendant's common-law duty and his alleged contractual relationship were one and the same and, thus, the suit, however labeled, is one in malpractice, at least for time limitation purposes. We find no special contract in the instant action and thus the cause of action, however alleged, is merely an attempt

to plead as a contract action one which is essentially a malpractice action. Accordingly, the three-year period of limitation applies *(Calhoun v Gale,* 29 AD2d 766).