■ In the Matter of KEVIN T., Appellant.—Appeal from an order of the Family Court, Queens County, dated April 10, 1978 which, upon a fact-finding adjudication that the appellant is a juvenile delinquent, placed him with the Division for Youth, Title III, for a period not to exceed 18 months. Order reversed, on the law, without costs or disbursements, and proceeding remanded to the Family Court, Queens County, for a *de novo* dispositional hearing and determination. The appellant argues and the respondent correctly concedes that the dispositional hearing in this case did not comply with the provisions of the Family Court Act. Therefore, a new dispositional hearing is required. Because of our decision in this case, we have not considered the other issues raised by the appellant. Latham, J. P., Titone, Margett and Hawkins, JJ., concur.

■ In the Matter of NELS WENNERSTEN, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated August 4, 1978, which affirmed an order of the State Division of Human Rights, dismissing petitioner's complaint after an investigation and upon a finding of no probable cause to believe that the respondent union had engaged in unlawful discriminatory practices because of age. Order confirmed and petition dismissed, without costs or disbursements. On the record before us, there is nothing to suggest that the respondent union engaged in unlawful discriminatory practices. Accordingly, it was not an abuse of discretion for the State Division of Human Rights to have dismissed the complaint because of no probable cause without having first held a confrontation conference or a hearing (see *State Div. of Human Rights v Bond Schoeneck & King,* 52 AD2d 1045; *Talarico v Brookhaven Mem. Hosp.,* 55 AD2d 949). Hopkins, J. P., Damiani, Rabin and Margett, JJ., concur.