■ CENTRAL TRUST COMPANY, ROCHESTER, Respondent, v ARNOLD J. GOLDMAN et al., Individually and Doing Business as GOLDMAN & GOLDMAN, Appellants.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff brings this action seeking to recover $23,264.70 compensatory damages representing the cost of professional fees and disbursements expended in defending a third-party action occasioned by defendants' malpractice and fraud. It also asserts a cause of action for punitive damages. The present action was commenced March 15, 1976. The substance of plaintiff's complaint is that on August 8, 1972 defendant Arnold Goldman, as attorney for one Dyna Mech Sciences, Inc., advised plaintiff, Dyna Mech's transfer agent, to transfer 220,000 shares of the corporation's stock and to do so without the restrictive investment legend required by Federal securities laws appearing on the stock. Plaintiff made the transfer as advised and was subsequently called upon to defend itself in an action brought by third parties who had sustained damages relying on the fact that the stock was freely transferable (see *Wassel v Eglowsky,* 399 F Supp 1330). Defendants moved to dismiss the complaint, contending that the action was barred by the Statute of Limitations and that no cause of action was stated. Special Term denied the motion. The order is modified and the first cause of action alleging malpractice is dismissed. That claim accrued when the opinion letter was drafted and delivered on August 8, 1972 and is therefore barred by the three-year statute (see CPLR 214, subd 6; *Schwartz v Heyden Newport Chem. Corp.,* 12 NY2d 212). The motion was properly denied as to the second and third causes of action since the complaint states a cause of action in fraud and the applicable six-year statute has not expired (CPLR 213, subd 8). Commonly, when a party alleges professional malpractice and some other theory of recovery, the shorter limitation period is controlling. Thus, when both malpractice and fraudulent concealment are alleged, the theory is that concealment of the injury is an integral part of the malpractice and without showing something more than concealment, the shorter period of limitation applies. *(Tulloch v Haselo,* 218 App Div 313; but see *Simcuski v Saeli,* 44 NY2d 442). In some cases in which malpractice and breach of contract are alleged, the shorter limitation period may apply because the common-law duty and the contractual duty are one and the same (see *Naetzker v Brocton Cent. School Dist.,* 50 AD2d 142). That is not to say, however, that recovery may not be had on different theories of liability. When, as here, the complaint alleges not only malpractice but also all the necessary elements of fraud and the damage claimed is proximately caused by the fraud, the complaint is sufficient for purposes of the six-year Statute of Limitations (see *Naetzker v Brocton Cent. School Dist, supra,* p 147; *Tulloch v Haselo, supra,* p 316). As the District Court noted *(Wassel v Eglowsky, supra,* pp 1346, 1369), the involvement of defendant, Arnold Goldman, was far more than that of an attorney in this case and given that involvement, plaintiff may well be able to prove fraud. Finally, plaintiff may recover attorney's fees. The general rule is that the legal expenses necessarily incurred in carrying on a lawsuit may not be recovered as general or special damages *(Miss Susan, Inc. v Enterprise & Century Undergarment Co.,* 270 App Div 747, 750, affd 297 NY 512). There is a well-recognized exception, however, where the damages are the proximate and natural consequence of defen-

dants' tortious act which requires plaintiff to defend or to bring an action against a third party. In such a case, reasonable attorney's fees necessarily incurred are considered recoverable *(Schindler v Lamb,* 25 Misc 2d 810, affd 10 AD2d 826, affd 9 NY2d 621; *Fugazy Travel Bur. v Ernst & Ernst,* 31 AD2d 924, 925; *Jones v Morgan,* 90 NY 4; *Hynes v Patterson,* 95 NY 1; Restatement, Torts, § 914; 25 CJS, Damages, § 50, subd e). Here, plaintiff's attorney's fees in defending itself in a third-party action were a proximate and natural consequence of defendants' alleged tortious conduct and if plaintiff proves its case of fraud against defendants, it is entitled to recover the attorney's fees it incurred in defending itself in the action brought by Wassel in 1974. (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.