■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW C. PORTER, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously reversed, and matter remitted to the Parole Board for further proceedings in accordance with the following memorandum: On March 9, 1978, three months after his release on parole, relator voluntarily admitted himself to the Rochester Psychiatric Center for treatment. As a result of incidents where he struck male nurses, attacking one in an attempt to secure keys with which to escape, a parole violation warrant was filed charging that relator had violated that condition of his parole wherein he promised not to be a menace to the safety or well-being of himself, others, or to society (7 NYCRR, 1915.10 [7] [d], repealed Jan. 9, 1979). At a final parole revocation hearing held July 7, 1978 relator admitted the incidents upon which the charges were based but contended that, inasmuch as they were the result of his mental condition, his parole should not be revoked. The Parole Board revoked relator's parole and ordered him incarcerated for a two-year period. A determination of a parole violator's mental competency is not a condition precedent to the commencement of revocation proceedings; rather, it is a factor which must be considered by the board in deciding whether parole should be revoked (see *People ex rel. Newcomb v Metz,* 64 AD2d 219, 223). A review of the record indicates that the relator's mental competency was not considered by the Parole Board and we remit the matter to it for a hearing at which psychiatric proof should be presented. (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ ELIZY JOHNSON, Respondent, v BENJAMIN GOLD, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Plaintiff sues defendant, a lawyer, alleging in three separate causes of action that defendant had agreed to represent him in a sale of real estate and had failed to keep the check for the proceeds in safekeeping until plaintiff recovered from a stroke; had converted the check to his own use; and had defrauded plaintiff and negligently performed his fiduciary duty. A check in the proper amount was turned over to plaintiff who indorsed it. It was thereafter indorsed by plaintiff's son before being deposited. Since the retainer of defendant occurred in 1973, plaintiff attempts to categorize this action which he commenced in 1978 as one either in contract or fraud so as to obtain the benefit of the six-year Statute of Limitations (CPLR 213, subds 2, 8). We must look to the "reality, and the essence of the action and not its mere name" *(Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264). Viewed in that light the wrong complained of, although arising from plaintiff's retainer of defendant, essentially consists of a claim that defendant failed to use due care and thus is cognizable in either negligence or malpractice both of which actions are limited by a three-year statute (CPLR 214, subds 4, 6). We conclude that it is the three-year Statute of Limitations which applies and that plaintiff's action is, therefore, time barred (see *Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669, 675). (Appeal from order of Niagara Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.