■    ROBSON & WOESE, INC., Respondent, v VILLAGE OF PAINTED POST et al., Appellants.—Order· unanimously reversed, with costs, and defendants' motion for summary judgment granted in accordance with the following memorandum: In the absence of a sufficient cause of action against a defendant for tortious acts requiring plaintiff to defend a specious action, legal expenses incurred in such defense are not recoverable *(City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263; *Central ·Trust Co., Rochester v Goldman,* 70 AD2d 767, app dsmd 47 NY2d 1012; *Lurman v Jarvie,* 82 App Div 37, 46, affd 178 NY 559). Thus, even had plaintiff established a cause of action in negligence, it could not recover attorney's fees from defendant. A fortiori, such fees are not recoverable when the negligence action has been dismissed, without appeal, as in this case. Thus, also, where plaintiff has failed to plead essential elements of a cause of action for malicious prosecution, abuse of process or prima facie tort, as here, a cause of action is not stated *(Belsky v Lowenthal,* 47 NY2d 820; *Drago v Buonaguiro,* 46 NY2d 778; *Williams v Williams,* 23 NY2d 592, 596) and, therefore, attorney's fees are not recoverable in this action. (Appeal from order of Steuben Supreme Court—summary judgment.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.

■    MILDRED M. TAIT, as Executrix of ROBERT J. TAIT, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 57986.)—Judgment unanimously affirmed, without costs, for the reasons stated at Court of Claims, Lengyel, J. (Appeal from judgment of Court of Claims—wrongful death.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.