■ Herta Fischer, Petitioner, v Kieley & Mueller, Inc., et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated August 8, 1980, which affirmed a determination of the State Division of Human Rights, dated May 28, 1979, which (1) held that there was no probable cause to believe that the respondent employer had engaged in unlawful discriminatory practices resulting in the termination of petitioner's employment, and (2) dismissed petitioner's complaint. Order confirmed and proceeding dismissed, without costs or disbursements. "On the record before us, there is nothing to suggest that the respondent [employer] engaged in unlawful discriminatory practices. Accordingly, it was not an abuse of discretion for the State Division of Human Rights to have dismissed the complaint because of no probable cause without having first held a confrontation conference or a hearing" (see *Matter of Wennersten v New York State Human Rights Appeal Bd.*, 66 AD2d 822). Margett, J. P., O'Connor, Weinstein and Thompson, JJ., concur.

■ Lester Gottlieb et al., Appellants, v Theodore Ranzenhofer, Respondent. — In an action by former clients against an attorney, *inter alia,* for breach of a retainer agreement, legal malpractice, and fraud and deceit, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated December 20, 1979, as granted defendant's motion to dismiss their first cause of action (for breach of contract) on the ground that it was barred by the three-year Statute of Limitations applicable to actions for legal malpractice. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion to dismiss the first cause of action denied. Plaintiffs' first cause of action is legally sufficient to sustain a recovery in contract. Accordingly, under the facts of this case, it was error to apply the three-year Statute of Limitations and dismiss it (cf. *Boecher v Borth,* 51 AD2d 598; *Calhoun v Gale,* 29 AD2d 766, affd 23 NY2d 756; *Gautieri v New Rochelle Hosp. Assn.,* 4 AD2d 874, affd 5 NY2d 952). Titone, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.