ADLER & TOPAL, P.C., Appellant, v EXCLUSIVE ENVELOPE CORP. et al., Respondents.

Second Department, January 25, 1982

**APPEARANCES OF COUNSEL**

*Baden Kramer & Huffman (Douglas J. Kramer* of counsel), for appellant.

*Barovick Konecky Schwartz Kay & Schiff (Anthony P. Colavita* and *Arthur Kokot* of counsel), for respondents.

**OPINION OF THE COURT**

THOMPSON, J.

Plaintiff, Adler & Topal, P.C. (hereafter the accountants), is an accounting firm which performed a variety of accounting services for the defendant corporations (hereafter the corporations) from 1972 until July 31, 1976. On December 4, 1979 the accountants brought suit against their former clients, alleging, *inter alia,* that the corporations had failed to make payments in various amounts totaling $23,000 for accounting services rendered on a monthly basis to the corporations.

The corporations answered on December 26, 1979, denying that they owed any sums and setting forth affirmative defenses and three counterclaims. The claims were, in the main, first, that the accountants had failed to exercise ordinary care in performing services and had neglected to prepare or maintain and certify certain books, records and tax returns, causing defendants to incur penalties and interest on their taxes and to lose tax refunds. Second, they claimed that the accountants had breached their contracts by failing to exercise the ordinary care required of accountants, failing to file tax returns and failing to furnish defendants with financial, accounting and tax materials. The third claim alleged that the accountants had unlawfully converted defendants' books and records. The accountants replied, denying the material allegations of the counterclaims.

At this level, the matter is a garden variety squabble between accountants and clients. What makes this suit interesting is the timing. The accountants brought suit more than three years after they ceased rendering services to the corporations. The corporations' counterclaims then, were raised more than three but less than six years after the cessation of services. Some four months after their original reply to the counterclaims, the accountants moved for leave to amend their reply to allege the expiration of the three-year Statute of Limitations in CPLR 214, and for partial summary judgment on those counterclaims, limiting any possible recovery against them to an amount not to exceed an award to them on their complaint (see CPLR 203, subd [c]). The accountants' argument, based on *Carr v Lipshie* (8 AD2d 330, affd 9 NY2d 983), is that the first two counterclaims are malpractice claims which fall squarely within the three-year limitation period set forth in CPLR 214. They argue likewise that the alleged conversion is a simple tort, similarly limited by the three-year statute.

In response, the corporations argue, relying on *Sears, Roebuck & Co. v Enco Assoc.* (43 NY2d 389), that their claims arise from the underlying agreement by which the accountants agreed to perform accounting services for them, and that therefore the six-year Statute of Limitations applies. In *Sears, Roebuck* the plaintiff had entered

into an extensive and detailed written agreement with an architect which provided, *inter alia,* for the design of a particular structure. Some time after the structure had been built, the plaintiff discovered cracks in certain concrete ramps which allegedly developed from the improper design of snow-melting heat pipes in the concrete and the monolithic process used in pouring the concrete. The plaintiff sued, more than three but less than six years after the architectural services had been performed. The Court of Appeals determined that the claims would not have arisen but for the original contract between the plaintiff and the architect and then concluded that the claims were permitted as arising from the contract. However, the plaintiff could only plead those damages generally associated with contract, and not tort damages, because the three-year period had expired.

In this case, Special Term agreed with the corporations, found the *Sears, Roebuck* case controlling and refused to permit the accountants to amend their reply as to any of the three counterclaims. Consequently, Special Term denied the motion. We disagree.

It is difficult to conceive of any situation in which an accountant would render services to a client without some sort of bare bones agreement, explicit or implicit. The potential client must request the accountant to perform certain tasks or must agree to let the accountant do them if the accountant solicits him as a customer. But surely such a simple contract cannot convert all ordinary malpractice actions into contract claims. Such a holding would practically read the specific malpractice provisions out of CPLR 214, thus making the statutory provisions surplusage. It would be inappropriate to permit simple malpractice claims, which have their true genesis in negligence, to be converted to contract claims on the basis of such a simple "contractual" relationship.

We thus distinguish the situation involving the first and second counterclaims from that in *Sears, Roebuck* (43 NY2d 389, *supra*). There the parties had entered into a detailed written agreement which provided for specific and sophisticated services. The architect's alleged failure to perform those services adequately brought the claims

within the legitimate purview of a contract action. The ruling in that case should not be expanded to cover this case with its informal, underlying oral agreement and the simple traditional claims of malpractice such as are asserted in the first two counterclaims, nor do we believe that *Carr v Lipshie (supra)* should be considered overruled.

As to the third counterclaim, alleging that the accountants converted the corporations' books and records, we conclude that the claim is a simple tort which falls squarely under and is thus governed by the three-year limitation in CPLR 214. Even were the *Sears, Roebuck* case to be read as broadly as possible, the allegations of conversion are so remote from any contract that may have existed between the accountants and the corporations that there is no way to carry this simple claim from CPLR 214 to CPLR 213.

Thus, Special Term erred in refusing to grant the branch of the accountants' motion which was to amend their reply to the counterclaims; that branch is granted. The accountants' request for partial summary judgment is also granted since there is no dispute over the dates underlying the calculation of the limitation period.

MOLLEN, P. J., DAMIANI and GIBBONS, JJ., concur.

Order of the Supreme Court, Kings County, dated June 3, 1980, reversed, on the law, with $50 costs and disbursements, and plaintiff's motion is granted. The amended reply annexed to the moving papers is deemed served.