*490 OPINION OF THE COURT
Frank P. DeLuca, J.
This is a motion for an order pursuant to CPLR 3211 (subd [a], pars 1, 5) dismissing a complaint in a legal malpractice action. The motion is denied.
On or about July 3, 1976 the plaintiffs are alleged to have sustained personal injuries as a result of an automobile accident involving the New York State Environmental Facilities Corporation (Corporation) and the Town of Brookhaven (Town). On July 10, 1976, the plaintiffs retained the law partnership of Hull, Block and Grundfast (Partnership), defendants herein, to prosecute their cause of action against the Corporation and the Town-.
It appears that the Partnership was formed on or about November 1, 1975 pursuant to an oral agreement. By mutual agreement, the Partnership was dissolved as of December 31, 1976. No successor firm was formed, each of the partners went in different directions.
The cause of action alleged by plaintiffs is that an action was not timely commenced by the Partnership against the Corporation or the Town, and that plaintiffs’ personal injury cause of action against these defendants is now time barred.
The basis of this motion by Grundfast (Hull has asked for similar relief, however no formal cross motion for such relief is submitted) is that the partnership was dissolved prior to the accrual of the malpractice cause and further, that the malpractice action is barred by the .Statute of Limitations set forth in CPLR 214 (subd 6) (three years).
An action for legal malpractice requires proof of three essential elements: (1) the negligence of the attorney, (2) that the negligence was the proximate cause of the loss sustained, and (3) proof of actual damages. (See Mendoza v Schlossman, 87 AD2d 606.)
A cause of action for legal malpractice may be based upon a breach of contract, that is breach of the retainer agreement, in which case the six-year Statute of Limitations set forth in CPLR 213 (subd 2) applies. (See Boecher v Borth, 51 AD2d 598; Gottlieb v Ranzenhofer, 81 AD2d 576.)
*491 In these cases, the retainer was construed as an agreement to achieve a specific result, rather than a contract to render legal services.
In addition, the action may be based upon the negligence theory of malpractice, that is the failure of the attorney to use due care in the representation of the client, in which case the three-year Statute of Limitations set forth in CPLR 214 (subd 6) applies. (See Central Trust Co., Rochester v Goldman, 70 AD2d 767.) Generally, in the area of professional malpractice, although the relationship of the parties originated in contract, the rule is that a defendant’s common-law duty and contractual duty are one and the same and therefore, for time limitations purposes, the action is one for negligence, and the shorter time limitation applies. (See Naetzker v Brockton Cent. School Dist., 50 AD2d 142; Siegel v Kranis, 29 AD2d 477; Central Trust Co., Rochester v Goldman, supra.)
The parties have not submitted a copy of the retainer agreement on this motion. It is therefore not possible to determine whether the defendants agreed to obtain a specific result or instead to provide legal services. Consequently, the applicable Statute of Limitations cannot be ascertained.
With respect to the Statute of Limitations issue, there is an allegation of continuous representation. The continuous representation theory was imported from the medical malpractice theory of continuous treatment into the area of legal malpractice in the case of Siegel v Kranis (29 AD2d 477, 479-480, supra). The cause of action under the doctrine of continuous representation does not accrue until the attorney’s representation concerning a particular transaction is terminated. (See Gilbert Props, v Millstein, 33 NY2d 857; Boorman v Bleakley, Platt, Schmidt, Hart & Fritz, 88 AD2d 942; Citibank [N. Y. State] v Suthers, 68 AD2d 790; Grago v Robertson, 49 AD2d 645.) However, the application of the continuous representation doctrine in attorney malpractice envisions a relationship between the parties that is marked with trust and confidence, a relationship which is not sporadic, but developing and involving a continuity of the professional services from which the alleged malpractice stems. (See Muller v Sturman, 79 *492 AD2d 482.) While an attorney may not unilaterally terminate an attorney-client relationship by failing to perform services, the relationship does not continue indefinitely simply because there has been no formal termination. (See Baker’s Serv. v Robinson, 85 AD2d 811.)
The facts supporting the allegation of continuous representation are not fully developed in the papers before the court and the court cannot make a determination thereon. In addition, it is not possible to determine the date the malpractice cause of action accrued. Without deciding the issue of which Statute of Limitations applies, or whether the doctrine of continuous representation applies in this case, the malpractice cause of action accrued from the date of the defendants’ omission to act, which is the last date to commence a personal injury action. (See Siegel v Kranis, 29 AD2d, at pp 478-479). It is not clear from the papers which Statute of Limitations barred plaintiffs’ personal injury claim. (Cf. CPLR 214, subd 5 [three years to recover damages for personal injury]; Court of Claims Act, §§10, 11 [six months’ notice of claim against the State]; General Municipal Law, § 50-e [90-day notice of claim against the town], § 50-i [one year and 90 days to commence an action against the town].) Without some indication as to when the malpractice cause of action accrued, the court cannot determine when the malpractice Statute of Limitations commenced to run.
With respect to the dissolution of the law partnership, that event occurs when the partners determine to discontinue business (see Matter of Silverberg [Schwartz], 81 AD2d 640); or when a partner leaves the firm (see Matter of Vann v Kreindler, Relkin & Goldberg, 78 AD2d 255, affd 54 NY2d 936; see, also, Partnership Law, § 62.) However, termination of the partnership does not occur until the winding up of partnership affairs is completed. (See Matter of Silverberg [Schwartz], supra; Partnership Law, § 61.) Partnership dissolution does not discharge a partner from obligations existing prior to dissolution, but only as to obligations arising after dissolution. (See C. E. Hooper, Inc. v Perlberg, Monness, Williams & Sidel, 72 AD2d 687; Partnership Law, § 67, subd 1.) It is apparently movant’s argument that dissolution of his firm releases him from *493 any liability in malpractice occurring after dissolution with respect to the firm’s clients. As to ordinary business relationships between partnerships and third persons, this may be so. (See C.E. Hooper, Inc. v Perlberg, Monness, Williams & Sidel, supra.) However, the relationship between a law partnership and its clients is not an ordinary business relationship, it is a fiduciary relationship and requires a high degree of fidelity and good faith. (See, generally, 6 NY Jur 2d, Attorneys at Law, §§ 64-66.) An attorney is bound to keep a client informed of the latter’s business. (See Matter of Clay, 256 App Div 528, revd on other grounds 282 NY 140; Matter of Babcock, 230 App Div 323.) This court concludes that the fiduciary relationship is breached if a law partnership’s clients are not advised of the partnership’s dissolution and some prejudice thereby results. This is but an application of the general rule that even after dissolution, the members of a partnership are liable to persons who have no knowledge of the dissolution of the firm and who deal with the firm. (See Bank of Monongahela Val. v Weston, 172 NY 259; Second Nat. Bank of Morgantown v Weston, 172 NY 250; Partnership Law, § 67, subd 3.) It is to be noted that after dissolution of a law partnership, each partner is free to practice law individually and has the right to accept retainers from persons who had been clients of the firm. (See Matter of Silverberg [Schwartz], supra.) There was nothing to prevent one of the partners from representing plaintiffs after partnership dissolution.
In the case at bar, there is no indication that plaintiffs were notified of the partnership’s dissolution and that the dissolved partnership could no longer represent plaintiffs in their personal injury action. Nor is there any proof of a retainer between plaintiffs and a former member of the firm. Under these circumstances, the court holds that mere dissolution of the defendants’ law partnership was ineffective to terminate the partners’ obligations as attorneys toward partnership clients.
The motion is denied.