Sidney Brainard, Appellant, v Charles J. Brown, Respondent.

Third Department, January 27, 1983

APPEARANCES OF COUNSEL

*Lifset & Deily* (*Linda T. Taverni* of counsel), for appellant.

*Roche & Wolkenbreit, P. C.* (*Stuart C. Henderson* of counsel), for respondent.

OPINION OF THE COURT

Yesawich, Jr., J.

Plaintiff brought this action against his former attorney to recover damages allegedly suffered because of the latter's improper drafting of a security agreement. The agreement, prepared in conjunction with the transfer of real estate and construction equipment by plaintiff to Brothers Excavating Inc., is said to be deficient because it was not drafted in the form of a conditional sales agreement, and further because it did not provide for attorneys' fees and costs on the retaking of the equipment when the excavating company defaulted. Special Term dismissed the complaint as time barred by the three-year Statute of Limitations governing legal malpractice actions (CPLR 214, subd 6).

It is undisputed that the services defendant rendered were completed on September 30, 1977, that this lawsuit was commenced on October 13, 1981, and if the malpractice Statute of Limitations applies, the suit unquestionably is untimely. But plaintiff contends that this is an action in contract for breach of a promise to use due care in performing professional services, and therefore the traditional six-year Statute of Limitations governs (CPLR 213, subd 2).

Although plaintiff has chosen to label this a contract action, it is the essence of the conflict which fixes the character of the action (*Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264). That the gravamen of plaintiff's suit is negligence is abundantly clear from the amended verified complaint itself where defendant is not only expressly accused of being negligent, but it is specifically charged that "[a]n attorney of reasonable skill and diligence would have drafted the Security Agreement in another form". Considerable importance must also be attached to the fact that defendant's services were furnished pursuant to a general oral retainer agreement and that plaintiff relies not on any particular provision of the agreement, but attempts instead to fashion a contract action out of the attorney's implied duty to use reasonable care in exercising his professional skill. However, a breach of that duty only subjects the attorney to liability for malpractice (see *Johnson v Gold*, 71 AD2d 1056; *Calhoun v Gale*, 29 AD2d 766, affd 23 NY2d 756). Accordingly, in our view, Special Term properly perceived this to be what it is, a time-barred malpractice action.

The contract Statute of Limitations has been applied to attorney-client agreements only when there was a promise to perform and no subsequent performance, or when the attorney has explicitly undertaken to discharge a specific task and then failed to do so (*Boecher v Borth*, 51 AD2d 598). The instant action fits into neither of these categories. Defendant fulfilled his duties, albeit allegedly improperly, when he drafted the security agreement. Furthermore, the record is barren of any special promise or representation having been made to plaintiff other than defendant's general agreement to "perform all legal services in connection with the * * * transfer in a reasonably

competent manner". That the transaction was mishandled due to defendant's alleged incompetence establishes negligence, not contract liability.

*Sears, Roebuck & Co. v Enco Assoc.* (43 NY2d 389) does not require a different conclusion for it dealt not with an unspecific oral retainer agreement, but rather with a detailed contract which comprehensively outlined the duties that the architect involved was expected to complete (see *State of New York v Ehasz,* 80 AD2d 671). Extending the *Sears* approach to fact patterns akin to that presented here would gravely undermine the Legislature's intent to have actions for malpractice, other than medical malpractice, controlled by the three-year Statute of Limitations. Indeed, were we to hold otherwise, any oral arrangement with a professional, no matter how informal and imprecise, would trigger application of the contract time limitation and virtually reduce CPLR 214 (subd 6) to meaninglessness (*Adler & Topal v Exclusive Envelope Corp.,* 84 AD2d 365; see *Video Corp. of Amer. v Flatto Assoc.,* 85 AD2d 448, 451).

Finally, the assertion that defendant, by dint of his representation, simultaneously, of both plaintiff and the excavating concern, breached the duty of loyalty imposed by Canon 5 of the Code of Professional Responsibility and that this gives rise to a cause of action for breach of contract, is not well founded. A purported violation of a disciplinary rule does not, in itself, generate a cause of action (*Cronin v Scott,* 78 AD2d 745).

The order should be affirmed.

KANE, J. P., MIKOLL, WEISS and LEVINE, JJ., concur.

Order affirmed, with costs.