■ DOMINICK SINOPOLI, Appellant, v FRANK P. COCOZZA, Respondent. — In an action to recover damages for legal malpractice, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Buell, J.), entered September 30, 1983, as, upon renewal, adhered to a prior order, entered July 8, 1983, which denied plaintiff's motion to dismiss the defendant's affirmative defense and granted the defendant's cross motion to dismiss the complaint.

Order reversed insofar as appealed from, with costs, order entered July 8, 1983 vacated, cross motion to dismiss the complaint denied and motion to dismiss the affirmative defense granted.

In March, 1976, plaintiff retained defendant's services for the purpose of commencing a trespass action against a neighbor. Defendant allegedly failed to do so and as a result it is claimed that the Statute of Limitations bars that action. Plaintiff discharged defendant in April, 1977, but did not commence this action to recover damages for the alleged malpractice until January, 1983. Special Term held that the three-year tort Statute of Limitations applied (CPLR 214) and dismissed the complaint as time barred. We reverse.

In *Video Corp. v Flatto Assoc.* (58 NY2d 1026, 1028), the Court of Appeals held that "an action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six-year contract Statute of Limitations (CPLR 213, subd 2)." *Gilbert Props. v Millstein* (33 NY2d 857), which applied the three-year period of limitations to a legal malpractice suit, was expressly disapproved. Since this action has its genesis in a contractual relationship, we deem *Video Corp. v Flatto Assoc.* (*supra*), to be controlling and reinstate the complaint with damages limited to property or pecuniary interests arising from breach of contract (*Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389; see, also, *Baratta v Kozlowski*, 94 AD2d 454, 462-463; Farrell, Civil Practice, 1983 Survey of New York Law, 35 Syr L Rev 59, 60-63).

We are aware of contrary decisions issued by the Appellate Division, Third Department (*Albany Sav. Bank v Caffry, Pontiff, Stewart, Rhodes & Judge*, 95 AD2d 918; *Brainard v Brown*, 91 AD2d 287), but find them unpersuasive. *Brainard* relied upon the reversed Appellate Division decision in *Video Corp. v Flatto Assoc.* (*supra*), and *Adler & Topal v Exclusive Envelope Corp.* (84 AD2d 365), a decision explicitly disapproved by the Court of Appeals in *Video Corp. v Flatto Assoc.* (*supra*). *Albany Sav. Bank* (*supra*), simply followed *Brainard* and did not analyze the

effect of *Video Corp. v Flatto Assoc. (supra)* on that decision (Farrell, Civil Practice, 1983 Survey of New York Law, 35 Syr L Rev 59, 62-63). Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.