■ MALACHY LYONS, JR., Appellant, v PAUL J. DONNELLY, JR., Respondent. [612 NYS2d 246] —In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Kutner, J.), entered October 9, 1992, which grants the defendant's motion to dismiss the complaint as barred by the Statute of Limitations, and thereupon dismisses the complaint.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied and, the complaint is reinstated.

The plaintiff retained the defendant to commence an action against the Long Island Railroad under the Federal Employers Liability Act for injuries he received in the course of his employment. The defendant commenced an action and thereafter a tentative settlement was reached with the Long Island Railroad. The court entered an order discontinuing the action with the right to reopen it within 10 days if the settlement was not concluded. The plaintiff commenced this legal malpractice action alleging that the defendant failed to timely reopen the action against the Long Island Railroad after the settlement could not be consummated. It was specifically alleged that the defendant's failure to timely reopen the action breached the parties' retainer agreement and a related escrow agreement.

The plaintiff commenced this action on September 19, 1991, more than three years after the cause of action accrued (see, CPLR 214 [6]) but before the expiration of the six-year Statute of Limitations for breach of contract (see, CPLR 213 [2]). Since the plaintiff sought recovery against the defendant for damages "to property or pecuniary interests recoverable in a contract action", he was entitled to "the six-year contract Statute of Limitations" (Sinopoli v Cocozza, 105 AD2d 743; see also, Video Corp. v Flatto Assocs., 58 NY2d 1026; Santulli v Englert, Reilly & McHugh, 78 NY2d 700). Thus, the action

was timely commenced and the complaint is reinstated with damages limited to "property or pecuniary interests arising from breach of contract" *(Sinopoli v Cocozza, supra,* at 743). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.