20-2687-cv (L)
*Dukes Bridge LLC v. Security Life of Denver Insurance Company*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-one.

PRESENT:     GUIDO CALABRESI,
             DENNY CHIN,
             WILLIAM J. NARDINI,
                      *Circuit Judges*.

———————————————————————————

DUKES BRIDGE LLC,

> *Plaintiff–Counter-Defendant–Counter-Claimant–Third Party Defendant–Appellant-Cross-Appellee*,

JOSEPH RUBIN, JOSEPH RUBIN, INC.,

> *Counter-Defendants–Appellants-Cross-Appellees*,

SARA MERMELSTEIN,

> *Plaintiff*,

ESTHER FRIED, AS THE FORMER TRUSTEE OR PURPORTED COTRUSTEE OF THE E. MERMELSTEIN IRR TRUST A DESIGNATING ESTHER FRIED AS BENEFICIARY AND THE E. MERMELSTEIN IRR TRUST A DESIGNATING ARIEL YABRA AS BENEFICIARY TITLE, STAN MILLER, AS THE TRUSTEE OF THE E. MERMELSTEIN IRR TRUST A DESIGNATING ESTHER

FRIED AS BENEFICIARY AND THE E. MERMELSTEIN IRR TRUST A DESIGNATING ARIEL YABRA AS BENEFICIARY TITLE, THE E. MERMELSTEIN IRR TRUST A, RCX I LLC, THE E. MERMELSTEIN IRR TRUST A DESIGNATING ESTHER FRIED AS BENEFICIARY, THE E. MERMELSTEIN IRR TRUST A DESIGNATING ARIEL YABRA AS BENEFICIARY, CENTRAL STRATEGIES, LLC, MOSHE SCHREIBER, GRECIA SCIBILIA, AKA GRACIE SCIBILIA, JEWEL STRADER,

     *Counter-Defendants*,

    v.

            Nos. 20-2687-cv L;
            20-2826-cv; 20-2909-cv

SECURITY LIFE OF DENVER INSURANCE COMPANY,

     *Defendant–Counter-Claimant–Counter-Defendant–*
     *Third-Party Plaintiff–Appellee-Cross-Appellant*.

---

For Appellant-Cross-Appellee
Dukes Bridge LLC:

    IRA S. LIPSIUS, Lipsius-Benhaim Law LLP, Kew Gardens, NY.

For Appellants-Cross-Appellees
Joseph Rubin and Joseph Rubin Inc.:

    MICHAEL YURASOV-LICHTENBERG, Havens & Lichtenberg PLLC, New York, NY.

For Appellee-Cross-Appellant
Security Life of Denver Insurance Company:

    JULIE F. WALL (Elizabeth G. Doolin, Kaitlyn E. Luther, *on the brief*), Chittenden, Murday & Novotny LLC, Chicago, IL.

On appeal from the United States District Court for the Eastern District of New York (Sanket J. Bulsara, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Dukes Bridge LLC ("Dukes Bridge") appeals from the judgment entered by the district court on July 28, 2020, rescinding life insurance policy no. 1628906 (the "Policy") and awarding

2

Security Life of Denver Insurance Company ("Security Life") the premiums paid under the Policy. Security Life cross-appeals from that judgment, challenging the district court's determinations on choice of law, enforceability of the Policy, and Dukes Bridge's liability for civil conspiracy. Joseph Rubin and Joseph Rubin, Inc. (together, "Rubin"), appeal the district court's award of damages and attorney's fees to Security Life. We assume the reader's familiarity with the record.

## BACKGROUND

The case before us concerns an alleged Stranger-Owned-Life-Insurance policy—that is, an insurance policy procured as an investment for a stranger rather than for the benefit of the insured's beneficiaries. Stripped to its basics, in 2007 Eugene Mermelstein, with the assistance of insurance agent Joseph Rubin, took out the $10 million Policy on his own life. The Policy was funded by and transferred among various entities that need not be detailed here. Ultimately, after Mermelstein's death, Dukes Bridge obtained the Policy and submitted a claim, which Security Life declined to pay. Dukes Bridge sued Security Life for breach of contract; Security Life brought various counterclaims and added Rubin as a counterclaim-defendant. Eventually, the parties consented to a bench trial before Magistrate Judge Sanket J. Bulsara. On April 17, 2020, the district court produced a meticulously written opinion spanning 174 pages. The district court concluded that New York law governed the contract claim and that Security Life did not have a claim under the New Jersey Insurance Fraud Prevention Act (the "NJ IFPA"), N.J. Stat. Ann. §§ 17:33A-1 to -30, because New Jersey law did not govern. The court further concluded that Rubin had procured the Policy through fraud, thereby entitling Security Life to rescission, but that Dukes Bridge did not commit fraud or civil conspiracy. Finally, the district court concluded that Security Life was entitled to (1) the Policy premiums upon rescission; (2) damages from Rubin equivalent to the commissions paid out on the Policy; and (3) attorney's fees from Rubin. Dukes Bridge, Security Life, and Rubin all now appeal.

## DISCUSSION

On appeal from a bench trial, we review conclusions of law—including choice-of-law determinations—*de novo*, and findings of fact for clear error. *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019). And we review a district court's fashioning of equitable relief for abuse of discretion. *Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 76 (2d Cir. 2004).

### I. Rescission of the Policy

#### A. Choice of Law

Security Life argues that New Jersey law governs Dukes Bridge's breach of contract claim. We disagree. As a court sitting in diversity, we apply the choice-of-law rules of the forum state, here New York. *Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 176 (2d Cir. 2021). New York choice-

of-law rules are clear that New York substantive law governs when the parties' own choice of law would violate New York's public policy. *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). Here, the district court properly determined that, even if the parties intended New Jersey law to apply, New York Insurance Law § 3103(b) overrides that choice because the Policy was delivered in New York. Section 3103(b) provides:

> No policy of insurance . . . *delivered or issued for delivery* in this state shall provide that the rights or obligations of the insured or of any person rightfully claiming thereunder, with respect to . . . a policy of life, accident and health insurance, . . . *shall be governed by the laws of any jurisdiction other than this state*.

§ 3103(b)(1) (emphasis added). Our Court has interpreted "delivery" under a different provision of the N.Y. Ins. Law to be "the equivalent of manual receipt." *Zogg v. Penn Mut. Life Ins. Co.*, 276 F.2d 861, 865 (2d Cir. 1960). The reasons articulated in *Zogg* support a similar reading here; the district court therefore did not clearly err in finding as a factual matter that the Policy was delivered in New York. That finding is supported by the record: underwriting notes for the Policy had a New York delivery address for Mermelstein, in the care of Rubin at his New York address; and Security Life's files included a shipping label for a package addressed to Rubin in New York which contained the Policy and a cover letter requesting that Rubin "deliver [the materials] to [Mermelstein] immediately." Special App'x at 91–92.

### B. Enforceability of the Policy

We need not reach Security Life's argument that the Policy lacked an insurable interest because, even assuming an insurable interest existed, the Policy was procured by fraud and Security Life was therefore entitled to rescission. Under New York law, "an insurance policy issued in reliance on material misrepresentations is void from its inception." *Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan*, 77 F.3d 48, 52 (2d Cir. 1996). As the district court correctly concluded—and contrary to Dukes Bridge's and Rubin's contentions on appeal—a party's reliance on material misrepresentations need not be objectively reasonable. *Fleet Messenger Serv., Inc. v. Life Ins. Co. of N. Am.*, 315 F.2d 593, 598 (2d Cir. 1963) ("The test is not one of what prudent inquiry would have revealed."). The district court did not clearly err in finding that Rubin had made the following material misrepresentations on the Policy application: (1) Rubin falsely answered "No" to the question of whether Mermelstein had, or had applied for, other insurance policies; and (2) Rubin falsely stated that the Policy's premiums would not be financed. The record supports the court's conclusion that had Rubin been truthful, Security Life would not have issued the Policy.

## II. Security Life's Counterclaims

The district court similarly did not err in its rulings on Security Life's counterclaims. First, Security Life cannot pursue a claim under the NJ IFPA because New Jersey law does not apply.

4

We again apply New York's choice-of-law principles, applying the law of the state with the most significant interest in the litigation. *In re Thelen LLP*, 736 F.3d 213, 219–20 & n.7 (2d Cir. 2013). For claims based on fraud brought pursuant to a statute that regulates conduct, like the NJ IFPA, we look to the place where the injury was inflicted, not where the fraudulent act originated. *In re Thelen LLP*, 736 F.3d at 220. The court's analysis rightly focused on where the injury was sustained. Security Life felt its injury in Colorado; it is a Colorado corporation with no physical presence in New Jersey. As New Jersey does not have the most significant interest in this litigation, Security Life cannot bring a claim under the NJ IFPA. Second, we agree with the district court that Dukes Bridge cannot be held liable for civil conspiracy. Dukes Bridge did not form until 2009—two years after the Policy was issued. And we find no clear error in the district court's factual finding that "there is no evidence that Dukes Bridge had knowledge of any false statement at the time the Policy was issued." Special App'x at 162.

## III. Security Life's Remedies

The district court also properly concluded that Security Life is entitled to the Policy premiums upon rescission, and it properly allocated damages and attorney's fees to Security Life based on Rubin's fraud. First, it is for a court "in equity to procure the declaration of a rescission on whatever terms may be just." *First Nat'l Bank of Cin. v. Pepper*, 454 F.2d 626, 635 (2d Cir. 1972) (quoting *Marr v. Tumulty*, 175 N.E. 356, 358 (N.Y. 1931)). Second, we measure "the actual pecuniary loss sustained as a direct result of fraud" using the "out of pocket" rule. *Clearview Concrete Prod. Corp. v. S. Charles Gherardi, Inc.*, 453 N.Y.S.2d 750, 755 (N.Y. App. Div. 1982). Here, had Rubin not lied on the application, Security Life would not have issued the Policy and would not have funded any of the commissions. The court therefore properly awarded damages equivalent to the total amount of commissions paid out on the Policy. Finally, while a prevailing litigant ordinarily "cannot collect attorneys' fees . . . from its unsuccessful opponents," *Congel v. Malfitano*, 101 N.E.3d 341, 352 (N.Y. 2018) (internal quotation marks omitted), it can "where the damages are the proximate and natural consequence of defendants' tortious act" which requires a party to defend against an action brought by a third party, *Cent. Trust Co., Rochester v. Goldman*, 417 N.Y.S.2d 359, 361 (N.Y. App. Div. 1979). Security Life was doing just that: defending itself in an action brought by third-party Dukes Bridge—an action that resulted from Rubin's material misrepresentations.

\*       \*       \*

We have considered the parties' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5