■ CAROLE C. WILSON, Appellant, v BRISTOL-MYERS COMPANY et al., Respondents.—Order, Supreme Court, New York County, entered August 11, 1977, granting defendants' motion for summary judgment solely on the defense of the Statute of Limitations and dismissing all five causes of action of the complaint, unanimously modified, on the law, to deny the motion as to the first, second, third and fifth causes of action and otherwise affirmed, with $60 costs and disbursements of this appeal to plaintiff-appellant and without prejudice to an appropriate motion for summary judgment addressed to the merits of the remaining causes of action. The appeal is here in a limited procedural posture. Defendants' motion for summary judgment was expressly made and submitted solely on their affirmative defense of the Statute of Limitations. Only as to the fourth cause of action can we agree with Special Term that as a matter of law that defense is a bar. The other causes, the first on the ground of unjust enrichment and for an accounting based on breach of fiduciary duty; the second for fraud; the third alleging negligence in failing to prosecute a patent application; and the fifth for breach of implied contract and breach of fiduciary duty may have been instituted in whole or in part within the applicable periods of limitation. Defendants asserted and the learned Justice at Special Term held that they were all causes of action for injury to property barred by the three-year Statute of Limitations, although the issue of the viability of these causes of action on other grounds was not properly tendered. While we have doubts as to the sufficiency of the second and third causes and the likelihood of plaintiff's success on the others, we have not reached the merits because the motion did not clearly litigate such matters. On the face of the limited papers before the court and the restricted nature of the motion it appears that there may be facts sufficient to ground causes of action by plaintiff which are not time-barred to recover for unjust enrichment premised upon breach of a fiduciary duty or for breach of implied contract and breach of fiduciary duty founded upon her allegation that she was a coinventor. The test of a cause of action, for Statute of Limitations purposes, is its gravamen not the form in which it is pleaded (*Petnel v American Tel. & Tel. Co.,* 280 App Div 706, where the motion was to dismiss on the face of the complaint and moving affidavits). As that case holds, the circumstances under which defendants acquired knowledge of the invention and used it may be critical in determining the right to recover for its use. (*Tabor v Hoffman,* 118 NY 30.) Therefore, we have disposed of the appeal without prejudice to a properly presented motion for summary judgment on the merits, based on affidavits of parties with actual knowledge and not a mere marshaling of pleadings and depositions. Concur—Silverman, J. P., Fein, Lane, Markewich and Sullivan, JJ.