■ ART SHIFFER, Appellant, v BRISTOL MYERS COMPANY et al., Defendants-Respondents and Third-Party Plaintiffs. ROBERT P. WILSON et al., Third-Party Defendants.—Order, Supreme Court, New York County, entered December 20, 1977, granting the motion by defendants Bristol-Myers Company and Clairol, Inc., for summary judgment dismissing the complaint as

to said defendants solely on the defense of Statute of Limitations, unanimously affirmed, without costs or disbursements, on the appeal and without prejudice to an appropriate application before Special Term for leave to serve an amended complaint to interpose a cognizable claim for relief as against said defendants. We are in agreement with Special Term that the complaint, properly construed, alleges a cause of action only for injury to property rights, clearly barred by the three-year Statute of Limitations contained in CPLR 214 (subd 4). Despite the patent insufficiency of both the moving and opposition papers, by attorneys without requisite knowledge of the facts, it is evident from the face of the pleading that the only claim for relief as against Bristol-Myers and Clairol is for injury to plaintiff's property rights. As to these defendants, the complaint alleges no fraud or breach of fiduciary obligations. This distinguishes the case from *Wilson v Bristol-Myers Co.* (61 AD2d 965), wherein we denied dismissal solely on Statute of Limitations grounds of so much of the complaint by Carole C. Wilson as sought recovery upon allegations of unjust enrichment, premised upon breach of implied contract, fraud and breach of fiduciary duty. The complaint there was founded upon assertions by Carole C. Wilson that she was a coinventor and known by defendants to be the coinventor. Here, there are no similar allegations sufficient to find the existence of a fiduciary obligation which may have been breached by Bristol-Myers and/or Clairol. The claim is rather to recover for injury to plaintiff's property rights, similar to the fourth cause of action dismissed in *Wilson v Bristol-Myers Co. (supra).* Nor is the agency theory, which is relied upon by plaintiff on the appeal, properly presented by the pleaded allegations of the complaint. Nevertheless, in the interests of justice, we deem it appropriate to afford plaintiff an opportunity to move before Special Term for leave to serve an amended complaint, upon appropriate showing that there exists a cognizable claim for relief against either Bristol-Myers or Clairol or both. We do not pass upon plaintiff's pleaded cause of action against the remaining defendant, Carole C. Wilson. Concur—Birns, J. P., Fein, Lane, Silverman and Bloom, JJ.