Arthur **COHEN**, Plaintiff,

v.

Irwin E. **GOODFRIEND**; Steven K. Borden; Goodfriend and Borden, P.C.; and Steven J. Schwartz, Defendants.

No. CV 85–2021 (RJD).

United States District Court,
E.D. New York.

July 16, 1987.

Polner, Mezan, Stolzberg & Berger, P.C., New York City, for plaintiff.

Ferber, Greidsheimer, Chan & Essner, New York City, for defendants.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

This action involves various statutory and common law causes of action alleging securities fraud, accountant and attorney malpractice, negligence and breach of fiduciary duty. The case arises out of plaintiff Arthur Cohen's acquisition of an alleged limited partnership interest in Valley View Enterprises (the "Partnership") and the Partnership's acquisition of land and a restaurant business in Warwick, New York. The defendants are Irwin E. Goodfriend and Steven K. Borden, who are two of three other partners in the Partnership; the accounting firm of Goodfriend & Borden, P.C., which performed services for plaintiff and plaintiff's business (together with defendants Goodfriend and Borden, referred to herein as the "Accountant Defendants"); and Steven J. Schwartz, an attorney retained by the Accountant Defendants to prepare the materials necessary to form the Partnership and who, plaintiff alleges, represented the Partnership and plaintiff in connection with his investment in the Partnership.

This matter is now before the Court on the motion by defendant Schwartz for an order:

(1) dismissing plaintiff's first, second, third, sixth, seventh and eighth causes of action, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted;

(2) dismissing plaintiff's first, second, third, fourth and fifth causes of action, pursuant to Fed.R.Civ.P. 9(b), for failure to plead fraud with the required particularity;

(3) dismissing plaintiff's third, fourth, sixth, seventh and eighth causes of action, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction;

(4) dismissing plaintiff's sixth, seventh and eighth causes of action, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that they are barred by the statute of limitations; and

(5) striking paragraphs (a)(2) and (a)(3) of plaintiff's demand for relief, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that

there is no basis in law for granting such relief.

The instant motion was filed while a very similar motion by the Accountant Defendants was pending before Honorable Charles P. Sifton to whom this case had previously been assigned. Judge Sifton's decision, which denied the Accountant Defendants' motion to dismiss in all respects and granted the motion to strike plaintiff's requests for attachment and constructive trust, is dispositive of several of the issues now raised by defendant Schwartz. *Cohen v. Goodfriend*, 642 F.Supp. 95 (E.D.N.Y. 1986).

The facts of this case are set forth at length in Judge Sifton's decision and will not be repeated here.

Defendant Schwartz contends that: (1) plaintiff's first, second and third causes of action, each of which alleges violations of federal or state securities laws, should be dismissed because no "security" is involved; (2) plaintiff's first cause of action should be dismissed because there is no implied right of action under Section 17 of the Securities Act of 1933, 15 U.S.C. § 77q (the "Securities Act"); (3) plaintiff's sixth, seventh and eighth causes of action, which allege attorney malpractice negligence and breach of fiduciary duty, are barred by the statute of limitations; (4) plaintiff's sixth, seventh and eighth causes of action should be dismissed because an attorney-client relationship did not exist between Schwartz and plaintiff; (5) plaintiff's first, second, third, fourth and fifth causes of action fail to allege fraud with sufficient particularity; (6) plaintiff's state law causes of action should be dismissed because plaintiff's federal claims fail; and (7) there is no basis in law for the imposition of a construction trust or attachment of defendant's assets.

## "SECURITY"

Judge Sifton determined that the partnership interest purchased by plaintiff has the indicia of an "investment contract" as set forth in *SEC v. W.J. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946), and is a "security" notwithstanding the fact that the interest is a general part-

nership interest. 642 F.Supp. at 99–100. This conclusion is law of the case and disposes of defendant's claim that no "security" was involved.

## SECTION 17

█ Defendant contends that plaintiff's first cause of action should be dismissed because no right to bring a private civil action may be implied under Section 17 of the Securities Act, 15 U.S.C. § 77q, which proscribes fraud in the offer and sale of securities. A claim under Section 17 is pending against the Accountant Defendants as this ground for dismissal of the first cause of action was not raised before Judge Sifton.

There is presently some disagreement and considerable uncertainty over the existence of an implied private right of action under Section 17 both within the Second Circuit, see, e.g., Manufacturers Hanover Trust v. Drysdale Securities Corp., 801 F.2d 13, 25 (2d Cir.1986) (declining comment on existence of § 17 implied private right of action); Yoder v. Orthomolecular Nutrition Institute, Inc., 751 F.2d 555, 559 n. 3 (2d Cir.1985) (existence of § 17 private right of action "may be open to reexamination"); Zerman v. Ball, 735 F.2d 15, 20 (2d Cir.1984) (declining to decide issue; § 17 remedy unnecessary if plaintiff prevails on rule 10b–5 claim); Kirshner v. United States, 603 F.2d 234, 241 (2d Cir. 1978), cert. denied, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979) (private right of action exists under § 17); Ackerman v. Clinical Data, Inc., 1985 Fed.Sec.L.Rep. (CCH) ¶ 92,207 (S.D.N.Y. July 8, 1985) (Haight, J.) [Available on WESTLAW, DCT database] (no private right of action under § 17; Kirshner holding no longer valid), and among the Circuits, see, e.g., Mosher v. Kane, 784 F.2d 1385, 1390 (9th Cir.1986) (implied private right of action exists under § 17); Landry v. All American Assurance Co., 688 F.2d 381, 388 (5th Cir.1982) (no right of action); Stephenson v. Calpine Conifers II, Ltd., 652 F.2d 808, 815 (9th Cir.1981) (implied private right of action exists under § 17); Kirshner, 603 F.2d 234; Greater Iowa Corp. v. McLendon, 378 F.2d 783, 788–90 (8th Cir.1967) (no private right

of action). Many courts faced with the issue have recognized the unsettled controversy and have chosen not to address the issue deciding cases on other grounds, see, e.g., Manufacturers Hanover, 801 F.2d at 13; The Limited, Inc. v. McCrory Corporation, 645 F.Supp. 1038, 1046 (S.D.N.Y. 1986), or determining that the availability of a remedy under Section 10(b) and rule 10b–5 made recovery under Section 17 unnecessary. See, e.g., Morris v. Gilbert, 649 F.Supp. 1491, 1499 (E.D.N.Y.1986). Indeed, recently the Supreme Court noted in passing the differing approaches of the Circuits, but declined to express a view as to whether a private right of action exists under Section 17. Eichler v. Berner, 472 U.S. 299, 105 S.Ct. 2622, 2625 n. 9, 86 L.Ed.2d 215 (1985).

In Kirshner, the Second Circuit relied on Judge Friendly's observation ten years earlier that there was essentially no difference between the elements of a cause of action under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and an action under Section 17 and accordingly found "little practical point in denying the existence of an action under § 17 once it is established that an aggrieved buyer has a private action under § 10(b) of the 1934 Act." 603 F.2d at 241. (citing SEC v. Texas Gulf Sulphur Co., 401 F.2d 833, 867 (2d Cir.1968) (Friendly, J., concurring)). The two statutes differ, however, in that Section 10(b) applies only to actions alleging fraud "in connection with the purchase or sale of" a security while Section 17 proscribes fraud in the offer and sale of securities. A more significant distinction between the two statutes did not emerge until after the Kirshner decision. Actions under Section 10(b) require proof of scienter and are not stated by allegations of mere negligence. Ernst & Ernst v. Hochfelder, 425 U.S. 185, 201, 96 S.Ct. 1375, 1385, 47 L.Ed.2d 668 (1976). However, in Aaron v. SEC, 446 U.S. 680, 697, 100 S.Ct. 1945, 1956, 64 L.Ed.2d 611 (1980), the Supreme Court held that, unlike Section 10(b), an action under Section 17(a)(2) or (a)(3) could be stated by allegations of negli-

gence, although Section 17(a)(1), like Section 10(b), requires proof of scienter.

In *Ackerman v. Clinical Data, Inc.*, 1985 Fed.Sec.L.Rep. (CCH) ¶ 92,207 (S.D. N.Y. July 8, 1985), Judge Haight explained these distinctions and concluded that the implication of a right of action under Section 17 would allow the restrictions that the Supreme Court placed on actions under Section 10(b) to be circumvented. *Id.* at 91,570 (quoting *Kimmel v. Peterson*, 565 F.Supp. 476, 485 (E.D.Pa.1983)). In addition, the sections of the Securities Act that expressly provide for civil liability—Sections 11 and 12(2), 15 U.S.C. §§ 77k and 77*l* (2)—also provide for detailed substantive and procedural limitations which would be avoided if an action were implied under Section 17.

In determining that *Kirshner* "is no longer controlling authority" in the Second Circuit, Judge Haight utilized a four-part test set forth in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975), to decide whether a private right of action should be implied under a statute that is silent on the subject:

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted,"—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* (emphasis in original; citations omitted). In later decisions, the Supreme Court clarified the weight to be given the various factors and confirmed that the "central inquiry" must focus on the legislative intent behind the statute in question. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 575–77, 99 S.Ct. 2479, 2488–90, 61 L.Ed.2d 82 (1977); *Transamerica Mortgage Advis-*

*ors, Inc. v. Lewis*, 444 U.S. 11, 15–16, 100 S.Ct. 242, 245, 62 L.Ed.2d 146 (1979). This Court is persuaded by Judge Haight's analysis of the factors set forth in *Cort* that the recognition of an implied right of action under Section 17 is contrary to Congressional intent and this Court likewise declines to follow *Kirshner.*

Defendant's motion to dismiss the first cause of action for failure to state a claim is granted as there is no implied private right of action under Section 17 of the Securities Act. Plaintiff's claim against the Accountant Defendants under Section 17 is hereby dismissed *sua sponte.*

## FAILURE TO PLEAD FRAUD WITH PARTICULARITY

■ Defendant Schwartz, relying on the arguments advanced in the earlier motion by the Accountant Defendants, maintains that plaintiff's first, second, third, fourth and fifth causes of action should be dismissed for failure to plead fraud with the particularity required by Fed.R.Civ.P. 9(b). In connection with the motion by the Accountant Defendants, Judge Sifton determined that plaintiff's Complaint sufficiently specifies: (1) the deceptive statements; (2) the manner in which such statements were deceptive; (3) the time and place where such statements were made; and (4) the persons charged with making such statements, either directly or as an aider and abettor. Rule 9(b) does not require the plaintiff to be more specific in his Complaint. *See Goldman v. Belden*, 754 F.2d 1059, 1069–70 (2d Cir.1985).

Recently, in *Luce v. Edelstein*, 802 F.2d 49 (2d Cir.1986), the Second Circuit stated that "allegations which fail to specify the time, place, speaker, and ... content of the alleged misrepresentations, lack the 'particulars' required by Rule 9(b)." *Id.* at 54. Writing for the unanimous panel, Circuit Judge Winter observed that "no specific connection between fraudulent representations in the Offering Memorandum and particular defendants is necessary where, as here, defendants are insiders or affiliates participating in the offer of the securities in question." *Id.* at 55. In this case, plaintiff charges that defendant Schwartz

prepared the offering materials which contain the alleged misrepresentations. Accordingly, no further connection between defendant Schwartz and particular misrepresentations is required. In any event, as Judge Sifton indicated, defendants may ascertain more detailed facts regarding the alleged fraud through the discovery process.

## FAILURE TO PLEAD AIDER AND ABETTOR LIABILITY WITH PARTICULARITY

■ Although plaintiff has pleaded fraud against each of the defendants, including Schwartz, with sufficient specificity to withstand motions under Fed.R.Civ.P. 9(b), to allege adequately that defendant Schwartz aided and abetted federal securities violations by the Accountant Defendants, plaintiff must establish the following elements:

(1) the existence of a securities law violation by the primary party;

(2) "knowledge" of this violation on the part of Schwartz; and

(3) "substantial assistance" by the aider and abettor in the achievement of the primary violation. *IIT, An International Investment Trust v. Cornfeld*, 619 F.2d 909, 922 (2d Cir.1980).

■ With respect to the first of these elements, Judge Sifton has already concluded that plaintiff has adequately pleaded the existence of a securities law violation by the Accountant Defendants. Turning to the elements of knowledge and substantial assistance, aider and abettor liability requires that "a person must 'in some sort associate himself with the venture, that he participate in it as something that he wishes to bring about, [and] that he seek by his action to make it succeed.'" *Id.* (quoting *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir.1938) (Hand, J.)).

■ In *IIT v. Cornfeld*, the Second Circuit Court of Appeals determined that plaintiffs sufficiently pleaded the knowledge element of an aiding and abetting claim by alleging that the defendants knew of certain specified misrepresentations and omissions contained in a prospectus which

they circulated to the plaintiffs. 619 F.2d at 923–24. In the instant case, plaintiff has alleged in paragraph 41 of the Complaint that:

> Defendant Schwartz knew, or in the alternative, was reckless if he did not know of the material omissions and affirmative misrepresentations of the other defendants contained in the materials which were used by defendants in connection with the offer and sale of the interests in Valley View to Cohen.

Coupled with the specific misrepresentations and omissions set forth in paragraph 20(a)–(j) of the Complaint, the allegations of Schwartz's knowledge of the primary securities law violations satisfy Fed.R. Civ.P. 9(b).

With respect to the element of substantial assistance, the Complaint alleges that Schwartz participated and assisted in the formation of the Partnership, the sale of the interest to plaintiff, and the Partnership's purchase of the land and restaurant from an undisclosed seller also represented by Schwartz. Paragraph 18 of the Complaint states that, in connection with the formation of the Partnership, Schwartz prepared documents, including a certificate of general partnership. As the Second Circuit acknowledged with respect to the underwriter defendants in *IIT v. Cornfeld*, if Schwartz had not participated in these transactions, it is likely that other persons would have taken his place. Nevertheless, Schwartz actively associated himself with and participated in the Partnership's activities including its formation and the offering and sale of partnership interests as something he tried, by his actions, to make succeed. Furthermore, taking as true the allegations of Schwartz's knowledge of the misrepresentations and omissions, had Schwartz disclosed these items to plaintiff, the transactions now sued upon might not have been consummated. The Second Circuit, employing similar reasoning, concluded that the substantial assistance element was adequately pleaded in *IIT v. Cornfeld. Id.* at 925.

The Second Circuit also noted that the element of substantial assistance is closely

tied to the element of knowledge. *Id.* at 922. The allegations in the Complaint regarding Schwartz's extensive involvement in the Partnership lend support to plaintiff's allegations that Schwartz had knowledge of the fraud by the Accountant Defendants. Accordingly, plaintiff has met his burden under Fed.R.Civ.P. 9(b) by pleading adequately a claim of aiding and abetting against defendant Schwartz.

## PENDANT JURISDICTION

 Plaintiff's first, second, fourth and fifth causes of action arise under the federal securities laws and this Court therefore has Federal question subject matter jurisdiction over these claims. Plaintiff's third, sixth, seventh and eighth causes of action which are based on New York State law and plaintiff's federal claims "derive from a common nucleus of operative fact" and accordingly the state law claims are properly before this Court under the principles of pendant jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## ATTORNEY MALPRACTICE/BREACH OF FIDUCIARY DUTY

 In order to state a claim for attorney malpractice, plaintiff must allege: (1) the existence of an attorney-client relationship between himself and defendant Schwartz; (2) negligence or some other conduct by Schwartz in breach of that relationship; and (3) that but for the alleged malpractice, plaintiff would have been able to proceed in a manner different from how he actually proceeded. *Freschi v. Grand Coal Venture,* 564 F.Supp. 414, 415 (S.D.N.Y.1983). Defendant argues that plaintiff's malpractice and breach of fiduciary duty claims should be dismissed because the Complaint does not allege the existence of an attorney-client relationship between Schwartz and the plaintiff. Schwartz argues further that in the absence of such privity between plaintiff and Schwartz, New York law does not extend liability for legal malpractice to Schwartz for harm suffered by plaintiff, a third party, while Schwartz was representing his clients, the Partnership and the Accountant Defendants. *See Calamari v. Grace,* 98 A.D.2d 74, 79, 469 N.Y.S.2d 942, 945 (2d Dep't 1983).

On a motion to dismiss for failure to state a claim, the court must accept as true the facts alleged in plaintiff's Complaint, *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and should deny such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Paragraph 17 of the Complaint alleges that the Accountant Defendants engaged Schwartz in connection with the subject transaction and the Complaint does not state that plaintiff actually retained Schwartz to represent him. However, paragraph 20(j) of the Complaint clearly states that "[d]efendant Schwartz represented all of the parties in the transaction, including the Seller of the Property [to the Partnership], the Partnership, Cohen [the plaintiff], and others and had a conflict of interest." Taking this allegation as true for purposes of the instant motion, the Court must deny the motion because plaintiff has pleaded the elements of a claim of legal malpractice including the existence of an attorney-client relationship between Schwartz and himself, among others.

In light of the facts alleged in the Complaint, another legal theory exists which might impose liability on Schwartz arising out of the transaction at issue. Even if, as Schwartz argues, a formal attorney-client relationship did not exist, Schwartz, as an attorney, may nonetheless owe a fiduciary duty to persons, such as plaintiff, with whom he deals. *Croce v. Kurnit,* 565 F.Supp. 884, 890 (S.D.N.Y.1982), *aff'd,* 737 F.2d 229 (2d Cir.1984). In *Croce,* Judge Sweet noted that such a fiduciary obligation "arises when a lawyer deals with persons who, although not strictly his clients, he has or should have reason to believe rely on him." *Id.*

Defendant Schwartz's motion to dismiss plaintiff's sixth, seventh and eighth causes

of action based on legal malpractice, breach of fiduciary duty and negligence is denied.

STATUTE OF LIMITATIONS

Defendant Schwartz contends that plaintiff's sixth, seventh and eighth causes of action should be dismissed as time-barred under the applicable New York statute of limiations. N.Y.Civ.Prac.Law and Rules § 214 (McKinney 1972 & Supp.1986) provides for a three year period to commence an action for malpractice as well as for personal injury and injury to property. Defendant maintains that this period applies to plaintiff's sixth through eighth claims, including plaintiff's claim for breach of fiduciary duty.

 It is clear that plaintiff's professional malpractice and negligence claims against Schwartz would ordinarily be governed by this three year period. *See, e.g., Kramer v. Belfi,* 106 A.D.2d 615, 66, 482 N.Y.S.2d 898, 900 (2d Dep't 1984); *Sinopoli v. Cocozza,* 105 A.D.2d 743, 743, 481 N.Y.S.2d 177, 178 (2d Dep't 1984). However, under New York law, a plaintiff may sue a professional, such as an attorney, for negligence and breach of contract based on the failure to use due care, within New York's six year statute of limitations for contract actions as long as the liability asserted "had its genesis in the contractual relationship of the parties." *Baratta v. Kozlowski,* 94 A.D.2d 454, 461, 464 N.Y. S.2d 803, 808 (2d Dep't 1983) (quoting *Sears, Roebuck & Co. v. Enco Associates,* 43 N.Y.2d 389, 396, 401 N.Y.S.2d 767, 771, 372 N.E.2d 555, 558 (1977)). To avail himself of this longer period it is not necessary that a plaintiff plead a contractual theory of liability or that there be an express agreement between the parties for the professional to use due care in the performance of services. *Sears,* 43 N.Y.2d at 396, 401 N.Y.S.2d at 771, 372 N.E.2d at 558. In *Video Corp. of America v. Flatto Associates,* 58 N.Y.2d 1026, 462 N.Y.S.2d 439, 448 N.E.2d 1350 (1983), the New York Court of Appeals held that notwithstanding the absence of a formal or written contract between the parties, the six year statute of limitations applied "insofar as [the action] seeks recovery for damages to property or

pecuniary interests." *Id.* As a result of *Sears* and *Video Corp.,* commentators have questioned the vitality of the three year statute of limitations for professional malpractice where the damage is to property or pecuniary interests and have remarked that the appropriate period in such a case, which "invariably begins with a contract", is six years. N.Y.Civ.Prac.Law and Rules § 213 (McKinney Supp.1986) (Supplementary Practice Commentaries). The Court previously found, for purposes of this motion, that an attorney-client relationship existed between Schwartz and plaintiff and that Schwartz represented plaintiff in connection with the Partnership. Implicit in the attorney-client relationship and Schwartz's representation of plaintiff is a contractual obligation to use due care in the performance of professional services on plaintiff's behalf. *See Sears,* 43 N.Y.2d at 396, 401 N.Y.S.2d at 771, 372 N.E.2d at 558. Accordingly, in this legal malpractice and negligence action, where plaintiff seeks damages for injury to his pecuniary interests, the six year statute of limitations should be applied. The Court finds that, based on the allegations in the Complaint, the action was commenced well within such six year period.

 Having concluded that the plaintiff's claims for legal malpractice and negligence are governed by the six year statute of limitations, the Court must next determine the appropriate statute of limitations for plaintiff's breach of fiduciary duty claim. Both the three year, *see Loengard v. Santa Fe Industries, Inc.,* 573 F.Supp. 1355, 1359 (S.D.N.Y.1983), and the six year periods, *see Croce v. Kurnit,* 565 F.Supp. at 891, have been held to apply to claims for breach of fiduciary duty. New York case law suggests that in determining the applicable period of limitations, a Court should consider the gravamen of the claim rather than the form in which it is pleaded. *Wilson v. Bristol-Myers Company,* 61 A.D.2d 965, 965, 403 N.Y.S.2d 251, 252 (1st Dep't 1978). Plaintiff claims that Schwartz breached the fiduciary duty arising out of the attorney-client relationship between Schwartz and plaintiff. The plaintiff's

claim is based on two grounds. First, plaintiff contends that Schwartz failed to exercise due care in his representation of plaintiff. This is essentially a claim for legal malpractice which should be governed by the six year statute applicable to such claims seeking damages for injury to pecuniary interests. In addition, plaintiff claims that Schwartz breached his fiduciary duty to plaintiff by defrauding him and aiding and abetting the Accountant Defendants' fraud. A claim for fraud is also governed by the six year statute.

Accordingly, defendant Schwartz's motion to dismiss the sixth, seventh and eighth claims as time-barred is denied.

CONSTRUCTIVE TRUST/ATTACHMENT

Notwithstanding plaintiff's arguments to the contrary, Judge Sifton determined that neither attachment nor constructive trust are appropriate remedies in this case. 642 F.Supp. at 103. That determination is law of the case and defendant's motion to strike those demands for relief is granted.

CONCLUSION

Defendant Schwartz's motion to dismiss the second through eighth causes of action is denied. Defendant's motion to dismiss the first cause of action is granted. Defendant's motion to strike plaintiff's requests for attachment and constructive trust is granted.

The parties are directed to proceed with discovery before the assigned Magistrate.

The Clerk of the Court is directed to mail a copy of this Order to all parties.

SO ORDERED.