■ STATE OF NEW YORK, Respondent, v BRONXVILLE GLEN I ASSOCIATES et al., Appellants, et al., Defendants.—Motion for leave to appeal to the Court of Appeals from the decision and order (174 AD2d 357) of this Court entered on June 6, 1991 denied, sua sponte, the decision and order is recalled and vacated and a revised decision and order, decided simultaneously herewith, is substituted therefor.

Order, Supreme Court, New York County (Edward Greenfield, J.), entered November 20, 1990, which, *inter alia,* denied defendants' motion pursuant to CPLR 3211 (a) (5) for an order dismissing the first three causes of action in the complaint as time-barred, unanimously affirmed, without costs.

The sole issue presented on this appeal is the applicable statute of limitations for an action by the Attorney-General pursuant to the Martin Act (General Business Law art 23-A) alleging investor fraud. We hold that the applicable period of limitation is six years pursuant to CPLR 213 (8), and not three years pursuant to CPLR 214.

An action must be commenced within three years pursuant to CPLR 214 (2) if it is based on a liability or penalty created or imposed by statute. The appropriate inquiry is whether or not liability would exist under New York law but for the enactment of the statute *(see, State of New York v Stewart's Ice Cream Co.,* 64 NY2d 83; *Sturgis v Sullivan County Harness Racing Assn.,* 98 AD2d 901, *lv denied* 61 NY2d 608). Liability is considered to be created by statute, for these purposes, if the statute establishes a unique species of liability entirely unknown at common law *(see, Bongiorno v D.I.G.I., Inc.,* 138 AD2d 120).

Liability for investor fraud was not created by the Martin Act, but is recognized in case law predating that legislation *(see, e.g., Reusens v Gerard,* 160 App Div 625, *affd sub nom. de Ridder v Gerard,* 221 NY 665). Because the Martin Act did not create a liability nonexistent at common law, CPLR 214 (2) does not apply, even though the Martin Act may expand the definition of fraud so as to create new liability in some instances *(State of New York v Cortelle Corp.,* 38 NY2d 83). Moreover, the creation of additional penalties does not auto-

matically bring a statutory cause of action within the three-year statute of limitations unless that new penalty imposes liability where previously there was none *(see, e.g., City of New York v Kingsview Homes,* 70 AD2d 866). We agree with the court in *Loengard v Santa Fe Indus.* (573 F Supp 1355 [SD NY 1983]).

Contrary to defendants' argument, a three-year statute of limitations for actions to recover damages for injury to property (CPLR 214 [4]) would not apply, as this statute would have been applicable only if there had been no allegations of fraud in the State's complaint *(see, e.g., Shiffer v Bristol Myers Co.,* 68 AD2d 870). In fact, allegations of fraud are the heart of the State's complaint. Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.