| **State Farm Mut. Auto. Ins. Co. v Gaspard** |
|:---:|
| 2024 NY Slip Op 30503(U) |
| February 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159311-2022 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: HON.LYNN R. KOTLER, J.S.C.

PART 8

State Farm Mutual Automobile Insurance Company

INDEX NO. 159311-2022

MOT. DATE

- v -

MOT. SEQ. NO. 002

Nasia Gaspard, et. al.

The following papers were read on this motion to/for __summary judgment__

| | |
|---|---|
| Notice of Motion/Petition/O.S.C. — Affidavits — Exhibits | NYSCEF DOC No(s). 135-203 |
| Notice of Cross-Motion/Answering Affidavits — Exhibits | NYSCEF DOC No(s). 204-218 |
| Replying Affidavits | NYSCEF DOC No(s). 219 |

In this action, plaintiff-insurer seeks a declaration that it does not have an obligation to pay no-fault benefits in connection with a motor vehicle accident. The accident allegedly occurred on March 16, 2022 in Stamford, Connecticut. There is no police report. Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") now moves for summary judgment against the answering provider defendants 101 RX Pharmacy Inc., All City Family Healthcare Center Inc., Park Avenue Medical Imaging, P.C., Tri-Borough NY Medical Practice, P.C., Eden Ortho Supply LTD, Gotham Supply Group Inc., Advantage Radiology, P.C., NYC Discount Pharmacy, Inc., RVA Leasing Corp., and Queens Cognitive Behavioral Therapy Psychology, PLLC (together the " motion defendants") pursuant to CPLR § 3212. State Farm also seeks a declaration that: 1) it has no duty to pay the no-fault benefits in connection with the March 16, 2022 motor vehicle accident; 2) the original motion defendants lack standing to seek or receive no-fault reimbursement for any bill submitted; 3) that the alleged motor vehicle accident was not the product of a covered event because it was the product of a staged and/or intentional event; 4) State Farm does not need to pay out any money associated with the alleged accident since it was staged and/or intentional.

In a stipulation dated October 24, 2023, State Farm discontinued the matter as to Eden Ortho Supply LTD and Gotham Supply Group Inc. Therefore, the motion is denied as moot as to these two defendants. The motion continues as to the remaining motion defendants. The motion is opposed by defendants All City Family Healthcare Center Inc., Park Avenue Medical Imaging, P.C., and Tri-Borough NY Medical Practice, P.C. (together the "opposing defendants"). Issue has been joined as to the motion defendants and note of issue has not yet been filed. Therefore, this motion was timely brought, and summary judgment relief is available.

On a motion for summary judgment, the proponent bears the initial burden of setting forth evidentiary facts to prove a *prima facie* case that would entitle it to judgment in its favor, without the need for a trial (CPLR 3212; *Winegrad v. NYU Medical Center*, 64 NY2d 851 [1985]; *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]). "Once this showing has been made, the burden shifts to the

Dated: 2/16/24

_____
HON. LYNN R. KOTLER, J.S.C.

**1. Check one:** ☒ CASE DISPOSED  ☐ NON-FINAL DISPOSITION

**2. Check as appropriate: Motion is** ☒ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER

**3. Check if appropriate:** ☒ SETTLE ~~ORDER~~ JUDGMENT ☐ SUBMIT ORDER ☐ DO NOT POST

☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

[* 1]

nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v. Citibank Corp.*, 100 NY2d 72 [2003]). If the proponent fails to make out its *prima facie* case for summary judgment, however, then its motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v. Prospect Hospital*, 68 NY2d 320 [1986]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v. Ceppos*, 46 NY2d 223 [1977]). The court's function on these motions is limited to "issue finding," not "issue determination" (*Sillman v. Twentieth Century Fox Film*, 3 NY2d 395 [1957]).

The relevant facts are as follows. State Farm issued an automobile insurance policy to defendant policy holders, Lemaitre Videau ("Lemaitre") and Nasia Gaspard ("Gaspard"), which insured a 2015 Land Rover Sport (the "insured vehicle"). The policy included uninsured motorist coverage. On March 16, 2022, an individual who was allegedly "falsely and fraudulently impersonating Miguel Philippi" ("Philippi") was driving the insured vehicle and defendants Patrick Joseph ("Joseph"), Vena Videau ("Vena"), Joseph Pierre ("Pierre") and Shawn Williams ("Williams") were passengers (together the "individual claimants"). Gaspard and Lemaitre were not in the vehicle. It is alleged that the insured vehicle was involved in an accident with a BMW reportedly owned by Odaya Simpson ("Simpson") and being operated by Gail Wheatle ("Wheatle"). There is no police report from the scene of the accident and all allegations concerning the accident arise from a motorist accident report filed by the individual claimants. State Farm has received multiple bills for treatments allegedly provided to the individual claimants due to injuries suffered from the accident.

In support of its motion, plaintiff submits the sworn affidavit of Lori Madigan, a Claims Specialist employed by State Farm, who states the following. Based on her employment with State Farm, Madigan received training and is personally familiar with the company's standard business practices for New York no-fault claims. Madigan states that those business practices were followed for claims associated with this action. Madigan also states that she has personal knowledge of the instant action based upon her review of the State Farm file. She states after it was made aware of the loss, State Farm began an investigation into the alleged collision.

Madigan asserts that after investigation, State Farm questioned the legitimacy of the claim because: 1) there was no police report filed despite the insured vehicle being declared a total loss; 2) Both Phillipi and Wheatle denied being in any kind of motor vehicle accident on March 16, 2022; 3) the subject insurance policy was obtained less than two months before the alleged loss. Accordingly, State Farm requested EUOs of Gaspard, Lemaitre, Philippi, Joseph, Vena, Pierre and Williams. Madigan states that Joseph and Philippi both appeared for their EUOs, but no one else did.

Madigan then states that after completion of the full investigation, State Farm determined that the alleged accident was staged and/or intentionally caused. Madigan expounds upon the reasons that led to this conclusion including, but not limited to: 1) both Wheatle and Philippe, the reported drivers of the vehicles, denied involvement in the alleged accident; 2) In his EUO, Joseph testified that he had known Philippe for a year, but Philippe testified that he did not know Joseph; 3) Joseph testified that he had never met Vena, Williams or Pierre before the accident and that he never saw them since, but both Joseph and Vena received medical treatment at the same facility; 4) Joseph testified that they were in Stamford, Connecticut at the time of the accident because he was going to a club for his birthday, but then also testified that he did not know where the loss occurred, did not know the name of the club and did not know the city where the club was located; 5) Joseph changed his testimony multiple times and there were difference in his story during his EUO versus the paperwork that he filed with State Farm for the loss; 6) State Farm hired an individual to inspect the vehicle after the loss and the report suggested that the damage to the front of the vehicle was done by contact with a piece of wood or similar instrument, and damage to the undercarriage was caused by a hammer or steel punch, not by contact with another vehicle; 7) The inspection also suggested that the damage was done while the vehicle was stationary because there was no spray of any fluids from the engine as would be common in a motor

[* 2]

vehicle accident; 8) Gaspard advised State Farm that Lemaitre gave Philippi permission to use the Range Rover, but Philippi denied knowing either Gaspard or Lemaitre and denied filing an MV-104 or otherwise being involved with the alleged incident in any way.

Additionally, Madigan's affidavit includes a break down of dates of service and the dates that bills were received from all the motion defendants for services provided to Vena. This table states that the bill received from 101 Rx Pharmacy Inc. for Vena was received on 5/27/22. The bills from Advantage Radiology, P.C. for services provided to Vena were received by State Farm on 6/17/22 and 6/27/22. The bill from All City Family Healthcare Center, Inc. for services provided to Vena was received on 8/25/22. The bills from Eden Ortho Supply Ltd. for services provided to Vena were received on 10/4/22 and 9/30/22. The bill from Gotham Supply Group for services provided to Vena was received on 9/20/22. The bill form NYC Discount Pharmacy Inc. was received on 4/25/22. The bill from Park Avenue Medical Imaging, P.C. for services to Vena was received on 5/31/22. The bills from RVA Leasing Corp. were received by State Farm on 5/23/22. Finally, State Farm received bills from Tri-Borough NY Medical Practice for services provided to Vena on 5/9/22, 5/11/22, 6/4/22, 6/10/22, and 7/13/22.

State Farm has also submitted the affirmation of Kevin W. O'Leary, a partner with the law firm of Siegel & O'Leary LLP ("S&O"), the attorneys for State Farm. O'Leary states that he is fully familiar with the facts and circumstances of the lawsuit because of his position at S&O. He states that on May 16, 2022, Vena was scheduled to appear for an EUO at the S&O office to take place on June 10, 2022. O'Leary claims that he was present at the office at the time of the scheduled EUO and Vena did not appear. He states that in a letter dated June 13, 2022, Vena's EUO was rescheduled for July 1, 2022, at the S&O office. Again, O'Leary was present at the scheduled time and again Vena did not appear for the EUO. O'Leary also states that on May 16, 2022, Lemaitre was scheduled to appear for an EUO on June 6, 2022. O'Leary was present at the office on June 6, 2022 to take the EUO, but Lemaitre did not appear. In a letter dated May 16, 2022, the EUO was rescheduled to June 28, 2022 at the S&O office. O'Leary was again present at the office at the date and time of the EUO, but Lemaitre again did not appear. O'Leary states that on May 16, 2022 Gaspard was also scheduled for an EUO to take place on Jun 6, 2022 at the S&O office. O'Leary was present at the office on the time and date of the EUO but Gaspard did not appear. In a letter dated June 9, 2022, the EUO was rescheduled for June 9, 2022 at the S&O office. Again, O'Leary was present at the office at the scheduled time and again Gaspard did not appear for the EUO. Next, O'Leary claims that on May 23, 2022, Pierre was noticed that he was scheduled for an EUO to take place on June 16, 2022 at the S&O office. On June 16, 2022, O'Leary was present at the S&O office at the scheduled time to take Pierre's testimony, but Pierre did not appear. In a letter dated June 20, 2022, the EUO was rescheduled to July 14, 2022 at the S&O office. Again, O'Leary was present at the scheduled time and again Pierre did not appear. Finally, on May 23, 2022, Williams was scheduled to appear for an EEUO on June 16, 2022 at the S&O office. O'Leary was present at the office on the scheduled date and time, but Williams did not appear. By letter dated June 20, 2022, the EUO was rescheduled for July 14, 2022. On that date and time another attorney from S&O, Jeffrey S. Siegel, was present to take the EUO, but Williams again did not appear. All notices for EUOs were sent to the address obtained from the no-fault application that the individual claimants submitted to State Farm

O'Leary also states that on July 7, 2022 Philippi appeared for his second scheduled EUO. Following the examination, the EUO transcript was sent to Philippi for him execute and return. To date, Philippi has not returned an executed copy of the EUO transcript. Similarly, on June 30, 2022, Joseph appeared for his EUO. Following the examination, the EUO transcript was sent to Joseph for him execute and return. To date, Joseph has not returned an executed copy of the EUO transcript.

State Farm submitted the affirmation of Jeffrey S. Siegel as well. Seigel states that he is a partner with S&O, and that he is familiar with the lawsuit and S&O's handling of the lawsuit from his review of S&O file on the matter. He states that he was present at the S&O office on July 14, 2022 to take the EUO of Williams and that Williams did not appear for the EUO.

[* 3]

State Farm has submitted the notices that it sent to each of the individual defendants for each of their scheduled EUOs, and the letters to Joseph and Philippi requesting their signatures on their EUO transcripts.

Parties' arguments

State Farm claims that it is entitled to summary judgment and a declaration that it has no duty to pay any no-fault benefits for claims submitted by the motion defendants because: 1) Vena, Pierre and Williams failed to attend EUOs on multiple occasions, thereby breaching a condition precedent to coverage; 2) State Farm maintains a founded belief that the loss in question was not a covered event because it was staged an/or intentional.

In opposition to the motion, the opposing defendants assert that summary judgment should not be granted because 1) State Farm has failed to establish, by clear and convincing evidence in admissible form, that the alleged accident was intentional; 2) State Farm has failed to demonstrate compliance with 11 NYCRR § 65-3.8, 3.5 & 3.6 and failed to establish that it "properly mailed" EUO notices; 3) State Farm failed to prove the merits of the no-show EUO defense because it did not demonstrate an objective good reason to demand the EUOs; 4) the motion is premature because there has not been adequate time for discovery.

The opposing defendants also assert generally that any EUO/deposition taken before the inception of the action are not admissible under CPLR § 3117 and affidavits that plaintiff relies on are not admissible as they are hearsay. Regarding State Farm's founded belief defense, the motion defendants argue that: 1) to establish that it has no duty to pay no-fault benefits to a given defendant, State Farm must demonstrate that the defendant was responsible for the intentional collision. None of the individual claimants who have been accused of creating a fraudulent collision have "assigned his or her benefits to the Provider Defendants" and thus the motion must be denied; and 2) the affidavit of an investigator with no personal knowledge of the incident cannot be the basis of a founded belief of fraud.

On reply, State Farm argues that: 1) the request for EUOs were timely pursuant to regulations and it demonstrated an objective good reason to demand those EUOs; 2) the opposing defendants have failed to raise a triable issue of fact; 3) the motion is not premature because the opposing defendants have failed to demonstrate that any further discovery would lead to relevant evidence.

Discussion

It is well established that "failure to submit to an EUO and 'subscribe to the same' violates a condition precedent to coverage" (*Hertz Vehicles, LLC v. Best Touch PT, P.C.*, 162 AD3d 617 [1st Dept 2018]; 11 NYCRR § 65-2.4[c][2]). A violation of a condition precedent to coverage vitiates an insurance policy (*PV Holding Corp. v. Hank Ross Med., P.C.*, 188 AD3d 429 [1st Dept 2020]; *Unitrin Advantage Ins. Co. v. Bayshore Physical Therapy, PLLC*, 82 AD3d 559 [1st Dept 2011]). Through the affidavit of Lori Madigan and the affirmations of Kevin E. O'Leary and Jeffrey S. Siegel, State Farm has demonstrated that Vena, Pierre and Williams failed to appear for their EUOs. Additionally, the affidavit of Madigan and the affirmation of O'Leary demonstrate that Joseph failed to subscribe to his EUO despite State Farm's efforts to obtain his signature. Therefore, the burden shifts to the answering defendants to demonstrate that a triable issue of fact exists.

At the outset, it is well established that an affidavit or affirmation from someone with personal knowledge is sufficient to support a summary judgment motion (*see eg. Wilson v. Bristol-Myers Co.*, 403 NYS2d 251 [1978]). Here, the affirmations of O'Leary and Siegel and the affidavit of Madigan are all provided based on the personal knowledge of the affirmants based upon their review of the State Farm and S&O records. Therefore, the affidavit and affirmations can be considered in support of this summary judgment motion.

[* 4]

First, the court will consider the motion defendants' argument that State Farm has failed to demonstrate sufficient evidence that the service of the EUO notices and notices to subscribe Joseph's EUO were compliant with the timeliness requirements of 11NYCRR §§ 65-3.5, 3.6 & 3.8. 11 NYCRR § 65-3.8 states that an insurer must pay a claim or issue a denial within 30 days of receipt of proof of the claim. However, contrary to the assertion of the answering defendants, the timeliness of State Farm's denial of their claims is irrelevant since the violation of a condition precedent to coverage gives plaintiff the right "to deny all claims retroactively to the date of the loss, regardless of whether the denials were timely issued" (*Unitrin Advantage Ins. Co. v. Dowd*, 194 AD3d 507 [1st Dept 2021]; *Unitrin Advantage Ins. Co. v. Bayshore Physical Therapy, PLLC*, 82 AD3d 559 [1st Dept 2011]; *see Kemper Independence Ins. Co. v. Cornerstone Chiropractic, P.C.*, 185 AD3d 468 [1st Dept 2020][stating that failure to subscribe to an EUO warranted denial of a claim "notwithstanding plaintiff's failure to present proof of proper delivery of the denials"]).

11 NYCRR § 65-3.5(b) states that an EUO must be requested within fifteen days of receipt of the claim or verification form. The motion defendants state that State Farm must demonstrate that it demanded an EUO within fifteen days of receipt of their individual claims. However, an insurer need only demonstrate that it requested an EUO within 15 business days from receipt of a bill (*State Farm Fire and Cas. Co. v. Blackburn*, 79 Misc3d 1229[A] [Sup Ct NY Co 2023]). An insurer seeking judgment against a given provider need not show that it timely requested an EUO relative to a bill received from *that* provider; rather, as long as the EUO requests were timely relative to *a* bill from *any* provider, the claimant's failures to appear at the EUO will support the insurer's coverage defense (*Id.*). Here, State Farm has submitted the affidavit of Madigan in which she states that of the opposing defendants, the earliest received bill was the Tri-Borough NY Medical Practice, P.C. and the bill was received on May 9, 2022. In his affirmation, O'Leary asserts that State Farm mailed a notice to Vena to appear for an EUO on May 16, 2022, within the 15-day time frame permitted by the regulation. State Farm also mailed a notice to Pierre to appear for an EUO on May 23, 2022 and mailed a notice to Williams to appear for an EUO on May 23, 2022. In its affirmation in reply, State Farm claims that "no claims for no-fault benefits have yet been submitted by or on behalf of Joseph Pierre and Shawn Williams." Therefore, State Farm has met its burden of demonstrating that its requests for EUOs were served within 15 days of receipt of bills that served as the bases for those requests. Additionally, the affidavit of Madigan states that the no-fault policies of State Farm were followed in this case, and the affirmation of O'Leary states that notices for EUOs were sent to the homes of the individual claimants as were recorded on their no-fault claims submitted to State Farm. Accordingly, State Farm has met its burden of demonstrating that the notices were properly mailed.

The burden shifts to the opposing defendants to demonstrate a triable issue of fact. The opposing defendants have not submitted any evidence that contradicts State Farm's claims concerning the timeliness and proper mailing of its EUO notices. Assuming *arguendo* that State Farm's defense fails if it did not demand EUOs within 15 days of the receipt of the claims of each of the individual opposing defendants, the opposing defendants must prove that their claims were filed with State Farm more than 15 days before State Farm noticed the subject EUOs. Yet the opposing defendants have not submitted any of their bills as evidence that the EUO requests were untimely. Therefore, the opposing defendants have failed to raise an issue of fact on this point.

Next, 11 NYCRR § 65-3.6 states that "if any requested verification has not been supplied to the insurer 30 calendar days after the original request, the insurer shall, within 10 business days, follow up with the party from whom the verification was requested..." This means that after a failed EUO, the plaintiff-insurer must request a follow up EUO within 10 days (*see eg. Mapfre Ins. Co. of N.Y. v. Manoo*, 140 AD3d 468 [1st Dept 2016]). State Farm has demonstrated through the affirmation of O'Leary that Vena was mailed a follow up EUO request three days after her first missed EUO, that Pierre was mailed a follow up EUO request four days after his first missed EUO, and that Williams was mailed a follow up EUO request four days after his first missed EUO. Therefore, State Farm has met its burden of demonstrating that the follow up letters for Vena, Pierre and Williams were sent within 10 days as required by the regulation. The opposing defendants do not introduce any evidence challenging the

assertions made in O'Leary's affirmation. Accordingly, the opposing defendants have failed to raise an issue of fact on this point.

Next, the opposing defendants argue that State Farm failed to demonstrate that it had an objective justification to request the EUOs of the individual claimants. However, in her affidavit, Madigan expounds on the facts that raised a strong possibility that the collision did not occur as the claimants allege. These facts provide a reasonable basis to request an EUO. Therefore, State Farm has demonstrated an objective justification for its EUO requests.

Finally, the opposing defendants argue that the summary judgment motion is premature because there has not been adequate time for discovery. The opposing defendants argue that the information that they could use as a defense is in the sole custody, control, and possession of State Farm. However, the court does not believe that any further discovery would help the opposing defendants to defeat State Farm's condition precedent to coverage defense for the individual claimants' failure to appear for, and subscribe to, EUOs. The opposing defendants have, or ought to have, dated copies of their own bills that they sent to plaintiff that they could introduce in opposition. They have failed to introduce those bills. State Farm has produced the documents surrounding the EUOs, mainly the EUO notice letters, and the requests for Joseph to subscribe to his EUO. The opposing defendants have failed to show how depositions and further paper discovery would establish a different outcome on this cause of action.

Based on the foregoing, State Farm has established a *prima facie* case that a condition precedent to coverage was breached thereby relieving plaintiff of the duty to pay no-fault benefits in connection with the underlying accident and the motion for summary judgment is granted in its entirety. Accordingly, motion as to the cause of action for denial of coverage based upon a founded belief that the loss did not arise from a covered event is denied as moot. Similarly, the court declines as moot plaintiff's request for a declaration that the original motion defendants lack standing to seek or receive no-fault reimbursement for any bill submitted, or that the accident was the product of a staged and/or intentional event.

In accordance herewith, it is hereby

**ORDERED** that motion sequence number 002 is granted in its entirety.

Settle judgment.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby expressly rejected and this constitutes the decision and order of the court.

Dated:          2\16\24
          New York, New York

So Ordered;

_____
Hon. Lynn R. Kotler, J.S.C.

[* 6]